Norma J. Anderson, Rita J. Anderson, a Minor, by James F. Anderson, Her Father and Next Friend, and James F. Anderson, Individually, Plaintiffs-Appellees, v. Richard J. Jones and John D. Zehr, Defendants. Richard J. Jones, Defendant-Appellant.

Gen. No. 10,631.

Fourth District.

January 11, 1966.

Rehearing denied February 3, 1966.

Earl S. Hodges, of Springfield (Samuel C. Patton, of counsel), and Phillips, Phebus & Tummelson, of Urbana, for appellant.

Mathis, Turnbow & Mathis, of Rantoul (Robert A. Mathis, of counsel), for appellees.

SMITH, J.

Plaintiffs obtained a joint judgment against both defendants for injuries arising out of an automobile accident. Defendant Jones alone appeals and contends that the trial court should have directed a verdict or granted a judgment notwithstanding the verdict for the sole and simple reason that the negligence of defendant Zehr was the sole and proximate cause of plaintiffs' injuries. This is the single issue which we review.

The events occurred on Interstate 74 about 7:30 p. m. on November 2, 1962, near the north edge of the city of Champaign where the highway passes over the Illinois Central Railway. The highway consists of two westbound lanes and two eastbound lanes separated by a concrete median strip some 6 inches in height and three feet wide. It was misting rain, the pavement was wet and the temperature about 40 degrees. There was no

ice on the railroad overpass and all cars were using their lights. For some reason not explained in the evidence, defendant Jones lost control of his car while attempting to pass another car going west as he was, went across the median into the eastbound lane and collided with a Buick car driven by one Clifford Johnson. At about this time, a Thunderbird driven by James Watson was traveling east in the northern-most lane of the eastbound traffic. Jones' right rear collided with the right rear of the Thunderbird and came to rest completely in the eastbound lanes blocking traffic. The Thunderbird crossed over the median strip and came to rest in the westbound lanes blocking traffic. A line of cars formed to the east of the Thunderbird in both westbound lanes. One Manson stopped his Chevrolet at the east end of this line of cars because he could not get through. Plaintiff and his family, in a 1958 Prefect, an English car, stopped about 30 feet east of and behind the Manson Chevrolet. Both the Chevrolet and the Prefect were in the north lane of the westbound traffic. While plaintiffs were completely stopped and in repose, the defendant Zehr drove into the plaintiffs' car pushing it into the rear of the Manson Chevrolet. Manson testified he had been stopped about five minutes before plaintiffs' car struck his car. Plaintiff Anderson said he was stopped about two or three minutes before he was hit. The number of cars in this lane was not established. A police officer some two miles away from the scene when notified of the first accident arrived and was in the process of placing fuses when the Zehr-Anderson collision occurred.

These facts, coupled with the single issue of proximate cause raised by Jones on this appeal, require us to embark on our review with the negligence of each defendant and plaintiffs' freedom from contributory negligence resolved for us. We are foreclosed from scrutinizing them. They are established. Jones contends that his act

did nothing more than furnish a condition by which the injury to the plaintiffs was made possible; that it was followed by the new intervening and independent act of negligence on the part of the defendant Zehr; and that it is the latter rather than the former that was the efficient and proximate cause of the injury. Both the jury and the trial court thought otherwise. Plaintiffs contend that the subsequent independent act of Zehr or somebody was reasonably probable or foreseeable by Jones and hence the chain of causal connection was not broken and in any event the question of proximate cause is not one of law for the court but a question of fact for the jury. To sustain the judgment against both, plaintiffs thus contend that Jones is the Alpha and Zehr the Omega of the negligence chain.

The material facts are not in dispute. The credibility of witnesses is not involved. The area of our inquiry is limited. We haven't much running room. Judicial appraisal of this record to determine whether a jury question is presented is narrowly limited to the single question whether, with reason, the conclusion may properly be drawn that Jones' negligence proximately contributed to the injuries of the plaintiffs. Findley v. New York Cent. R. Co., 19 Ill2d 428, 167 NE2d 212. In the record before us, the issue is further limited to the very narrow question whether the intervention of a new, independent, efficient and intervening cause was reasonably probable or reasonably foreseeable or could have been reasonably anticipated by Jones. The applicable rule is stated in Neering v. Illinois Cent. R. Co., 383 Ill 366, 381, 50 NE2d 497, 504, thusly:

> "The rule that the casual connection between a person's negligence and an injury is broken by the intervention of a new, independent, efficient and intervening cause so that the negligence is not actionable is subject to the qualification that if the intervening cause was foreseen or reasonably

410

might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause of the injury and he may be held liable notwithstanding the intervening cause. The intervening act of a third person does not necessarily relieve the author of an earlier negligent or wrongful act from responsibility when the intervening cause of an injury is of such nature as could reasonably have been anticipated, in which case the earlier negligent act, if it contributed to the injuries, may be regarded as the proximate cause."

An intervening and efficient cause was defined in Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74, 78, in these words:

". . . In Johnston v. City of East Moline, 405 Ill 460, 91 NE2d 401, 403, we declared: 'An intervening and efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury. [Citations.] The intervention of independent concurrent or intervening forces will not break causal connection if the intervention of such forces was, itself, probable or foreseeable. [Citations.]' "

The almost universal acceptability of these principles has not deterred their application with varying and seemingly contradictory results. We will not be so temerarious as to attempt a reconciliation of the uncounted and countless cases. In the last analysis, each case is bottomed on its own set of facts, its factual twin is seldom, if ever, available as an infallible guide and hence the facts of the particular case determine whether a question of fact or a question of law is presented. Wooff v. Henderson, 46 Ill App2d 420, 197 NE2d 103; Pantlen v. Gottschalk, 21 Ill App2d 163, 157 NE2d 548.

It is quite clear that the immediate cause of plaintiffs' injuries and damages was the force set in motion through the negligent act of Zehr. The force set in motion by Jones had spent itself. It was in repose. It was quiescent. The incident was at an end. Plaintiffs were home free save for the wrongful act of Zehr. Jones, too, is home free from responsibility unless it can be said that he should have reasonably anticipated or reasonably foreseen these or like results or that these or like results were reasonably probable. If they were, the causal connection is not broken. If they were not, Jones is effectively insulated from responsibility and the new force of Zehr is the sole and proximate cause of plaintiffs' injuries.

In his dissent in Pearce v. Commissioners of Internal Revenue, 315 US 543, 86 L Ed 1016, 62 S Ct 754, Justice Frankfurter aptly observed that "in law, as in life, lines have to be drawn," but they should be drawn from some policy rooted either in logic or in experience. In undertaking to draw the line in this case, we are aided by considerations which have apparently guided others where successive collisions occurred. Restatement of Torts, 1948 Supp ¶ 433, 442, 477, 58 ALR 2nd 270 et seq. They are (a) lapse of time; (b) whether the force initiated by the original wrongdoer continued in active operation up to the injury for which recovery is sought; (c) whether the act of the intervenor can be considered extraordinary rather than usual or normal and (d) whether the intervening act was a normal response to the situation created by the wrongdoer or an extraordinary response.

■ Applying these principles to the case at bar, we observe: (a) some 3–10 minutes elapsed between the first and second collision; (b) the original moving force was fully spent and not in operation at the time of the second collision and (d) and (e) Zehr's act was the unusual

rather than the usual result of a like situation. Anderson, Manson and an unspecified number of others acted differently than Zehr. His was the extraordinary rather than ordinary reaction to the situation. He alone failed to follow the pattern of conduct all others followed after the force of the first collision came to a rest. Would an ordinary prudent person anticipate his conduct or the conduct of the others? If it is the latter that is reasonably foreseeable, reasonably to be anticipated or reasonably probable, then, as we have seen, the chain of causation is broken; there is no nexus between the negligence of Jones and the negligence of Zehr and they are not concatenated in time or space or in common experience. We think as a matter of law that such is the case.

Plaintiffs rely heavily on Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74, in insisting that the question of proximate cause is not for us but for the jury. We think the rationale of that case is poles apart from the rationale with which we are confronted. There, the Supreme Court was dealing with the consequences flowing from the failure of the defendant to comply with a statute which forbade leaving a motor vehicle unattended and with the key in it. It was confronted with divergent appellate court decisions on the question of proximate cause in such cases. See Ostergard v. Frisch, 333 Ill App 359, 77 NE2d 537; Cockrell v. Sullivan, 344 Ill App 620, 101 NE 2d 878. In Ostergard, one of the justices dissented. In Ney, Mr. Justice Hershey dissented. Reasonable minds disagreed. Thus, in retrospect, it could be appropriately a question for the jury. We would further observe that Ney was decided as a matter of law on the pleadings and the opinion itself recognizes possible factual variations which might arise from the evidence. At that stage, the Court held as a matter of law that the question of proximate cause under the pleadings was a question of fact for the jury. We have the facts. We must now

determine from these facts as a matter of law whether Jones was a concurrent proximate cause of the damage to plaintiffs.

Jones' negligence set up non-normal road conditions, conditions seen, observed and recognized by all others who were not the victims of the original force initiated by Jones. The negligence of Jones created the conditions. The negligence of Zehr caused the injuries to the plaintiffs solely because he failed to see, observe and to act as the others did and as he might have done, had he acted and responded as a reasonably prudent man. That Jones was the proximate cause of the damage to Johnson's Buick and to Watson's Thunderbird is clear. It is equally clear that there then occurred a clean-cut break in the chain of causation. Zehr's negligence initiated a new force and began a new chain of causation that cannot trace its origin in whole or in part to Jones.

In reaching this conclusion we are not unmindful of Kacena v. George W. Bowers Company, 63 Ill App2d 27, 211 NE2d 563, invoking the doctrine of Ney where the defendants left the keys in new cars parked on their lot, at the curb, and in the street. We agree with that Court that under the "unique facts" of that case the doctrine of Ney properly controlled and the question of proximate cause was for the jury. There the legislature had recognized the danger to the public from automobiles falling into irresponsible hands from the failure of the owner to stop the engine, lock the ignition and remove the keys. Under such circumstances injuries to the person or property of others were reasonably foreseeable and its frequency undoubtedly prompted the legislature to act. We think the common experience of man in the one instance is far removed from the common experience of man in the circumstances which we review. Practical considerations support the one and disavow the other.

Accordingly, the judgment against defendant Jones must be and it is hereby reversed.

Reversed.

TRAPP, P. J., concurs.

CRAVEN, J., dissenting:
The only issue presented by this record is one of fact for the jury.

The record establishes that the plaintiffs were injured, were free of contributory negligence, and that Jones and Zehr were both negligent. Jones, by his initiating negligence, set the stage for the subsequent events resulting in the plaintiffs' injuries. A properly instructed jury, after a trial remarkably free of error, found both Jones and Zehr guilty of the negligence charged. The verdict was for damages not claimed to be excessive, and the judgment entered upon that verdict should be affirmed.

The majority opinion, by deciding this case as a matter of law on the question of proximate cause, invades the exclusive domain of the jury. Proximate cause is a question of law only when all reasonable minds agree as to an interpretation of a set of facts. (65 CJS Negligence § 264.)

The intervening force in this case is the negligence of Zehr. The majority opinion, by its holding, determines his negligence to be the sole cause of the injuries. Implicit in so holding is a determination, as a matter of law, that Jones' negligence was not a substantial factor nor its consequences reasonably foreseeable with reference to plaintiffs' injuries.

In Restatement, Second, Torts, § 443, at p 472, we find:

415

> "The intervention of a force which is a normal consequence of a situation created by the actor's negligent conduct is not a superseding cause of harm which such conduct has been a substantial factor in bringing about."

and at p 499, § 435 in the same work, the following:

> ". . . If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.

> ". . . The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm."

Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74, holds that a jury is entitled to determine proximate cause when one who has stolen a car causes injuries while in flight. The defendant owner of the car, by leaving the keys in the ignition, does not become insulated from liability by an intervening criminal act. Such intervening criminal act certainly was no more foreseeable than the negligence of Zehr on the facts in this case.

Kacena v. George W. Bowers Co., 63 Ill App2d 27, 211 NE2d 563, goes a step beyond Ney. There the thief traded the stolen car to a fourteen-year-old boy for a bottle of whiskey. In driving the car, the fourteen-year-old boy injured the plaintiff. The defendant owner was not insulated by the intervening theft of the car nor its barter by the thief to a driver who injured the plaintiff. The case with which we are now dealing on its facts involves a chain of events infinitely more fore-

seeable than those in Kacena. The opinion in Kacena characterized the facts as "unique." So they are—yet a jury could and did find, as a matter of fact, that the injuries of the plaintiff there were foreseeable.

In Belcher v. Citizens Coach Co., 327 Ill App 618, 64 NE2d 747, it was held that the blocking of a street by parked busses could constitute negligence and proximate cause of a collision even though negligence—even wilful and wanton misconduct—of a third party intervened in the chain of events leading to the injury. There, as here, the initiating negligence was in repose. Even so the bus company was held liable for its negligence. ". . . the jury has a right to determine as a question of fact what was the proximate cause of the collision under a state of facts such as we find in the instant case. . . ." Those words of the court in Belcher apply here.

The judgment of the circuit court of Champaign County should be affirmed.