RUTH ILENE COX, Plaintiff-Appellant, v. JIMMIE R. STUTTS *et al.*,
Defendants (John J. Schuster *et al.*, Defendants-Appellees).

Fourth District   No. 4—84—0453

Opinion filed February 20, 1985.

Robert Alan Dunst, of Kidwell, Cummins & Bast, of Mattoon, for appellant.

D. Cameron Dobbins, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee John J. Schuster.

Robert A. Hoffman, of Ryan, Grabb, Cini & Bennett, of Mattoon, for appellee John T. Flynn.

Vernon H. Houchen, of Decatur, and Daniel D. Reese, of Taylorville, for appellee Linda S. Heath.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This appeal is from summary judgments entered on behalf of certain defendants in a negligence action brought to recover for personal injuries. The action arose from a series of motor vehicle collisions which occurred in the southbound lanes of Interstate Highway 57 near Tuscola in the early afternoon of December 24, 1980. At all times pertinent, the visibility was greatly impaired because of blowing snow. The basic issue on appeal is whether negligence upon the part of the defendants, in whose favor the summary judgments were entered and whose vehicles were involved in the chain of collisions, could have been a proximate cause of the injuries which plaintiff ultimately sustained.

On November 19, 1982, plaintiff, Ruth Cox, initiated the litigation by filing a 12-count complaint against 12 defendants in the circuit court of Douglas County. A subsequent count against an additional defendant was added later. On January 30, 1984, the court entered summary judgment in favor of defendant Linda S. Heath. On February 29, 1984, the court entered summary judgments in favor of defendants John Schuster and John Flynn. After disposal of plaintiff's claims against other defendants, plaintiff appealed the summary judgments in favor of the three defendants.

The factual basis for the three summary judgments was provided by various depositions which had been placed on file. Several undisputed facts were revealed by those depositions. At least 13 automobiles were forced to stop as they passed through the area of the collisions. Defendant Justin K. Hickerson was driving in a southerly direction as he approached the scene. After driving through an area of extremely low visibility, Hickerson noticed two vehicles parked in the two southbound lanes of the highway. As the highway was completely covered with ice, he was unable to stop and he drove into the driver's side of one of the cars. That car was apparently facing in an easterly direction and was extending across the highway. When Hick-

erson's car came to a stop, it was hit by another vehicle headed in a southerly direction. Subsequent collisions continued to occur for a period of more than an hour. Defendants Schuster and Flynn drove vehicles which arrived at the scene during this period.

Eventually, defendant Heath arrived on the scene, was unable to stop her vehicle and ran into a vehicle in front of her. The impact was sufficient that she received serious injuries. Plaintiff then arrived on the scene as a passenger in a vehicle driven by her daughter. The vehicle stopped without a collision, and plaintiff alighted and walked to the Heath vehicle. At least one vehicle stopped north of the vehicle in which plaintiff had been riding. Soon a vehicle coming from the north collided with the last of those vehicles and produced a chain reaction causing the vehicle in which plaintiff had been riding to strike plaintiff. Plaintiff sustained rather severe injuries.

A party is entitled to a summary judgment when the matters properly before the court show that no question of fact exists on any material issue necessary to entitle the movant to a judgment as a matter of law. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005.) Although defendant Flynn also maintains that the evidence conclusively shows that he was not negligent, the heart of the contentions of each of the three defendants is that the record conclusively shows that any negligence on their part could not have been a proximate cause of plaintiff's injuries. We examine the contentions of each of the three defendants separately, considering the evidence most favorably to the plaintiff.

■■ We begin with the case against defendant Flynn. When he arrived on the scene, he was able to bring the vehicle he was driving to a stop some three or four feet behind the vehicle stopped in front of him. He did so without hitting any other vehicle. His automobile was then hit immediately by the Heath car. Plaintiff asserts that defendant could have been negligent in failing to move his vehicle onto the shoulder before stopping. Although a contention that Flynn could have been shown to be negligent seems uncertain, at best, we need not decide that question, because we hold that any negligence on his part could not have been a cause, let alone a proximate cause, of plaintiff's injuries.

The alleged causal connection between Flynn's act of stopping his car on the highway and plaintiff's injuries is that Flynn's act contributed to the blocking of the southbound lanes, which, in turn, was a causative factor in the chain collision whereby the car plaintiff had been riding in was pushed against her. However, at the time the Heath vehicle hit Flynn's, the latter vehicle was only three or four

feet behind a vehicle stopped in front of it. Heath testified that she could see only approximately two car lengths in front of her at the time of the collision. The impact of the collision between Heath's and Flynn's vehicles was quite violent. It is apparent that if Flynn's vehicle had not been there, the Heath vehicle would have had a violent collision with the vehicle stopped in front of Flynn and the road would have been blocked in the same manner. It cannot be stated with reason that any of the significant events which occurred subsequent to the collision between Heath and Flynn's vehicles would have been any different if Flynn had driven onto the shoulder before stopping. In fact, the events would not have been any different if Flynn's vehicle had not been present. Flynn's conduct was not an efficient cause of plaintiff's injuries and could not have been a proximate cause of them. (W. Prosser & W. Keeton, Torts sec. 41 (5th ed. 1984).) Accordingly, summary judgment was properly entered in favor of Flynn.

■ Similarly, Schuster's conduct has no causal relationship to plaintiff's injuries. He arrived on the scene before Flynn. Construed most favorably to plaintiff, the evidence indicated that Schuster's vehicle collided with one or more vehicles which were already blocking the highway. Schuster then drove some distance to the south and parked his vehicle off the road prior to the time that Flynn arrived. The evidence does not indicate that Schuster did anything to contribute to the blocked highway that confronted the vehicles subsequently arriving on the scene. Thus, the lack of showing of causal relationship between Schuster's conduct and plaintiff's injuries also justified the summary judgment entered in his favor.

■ Defendant Heath makes no claim that her conduct could not be found to be negligent. Rather, she also relies upon the theory that her negligence could not have been a proximate cause of plaintiff's injuries. As with Flynn and Schuster, her conduct of running into a vehicle ahead of her was not a cause of the road blockage because the road was already blocked. However, unlike Flynn and Schuster's conduct, her conduct and her resultant injuries were a cause of persons such as plaintiff being out of their automobiles and on the road. Thus, there was some causative relationship between any negligence on Heath's part and plaintiff's injuries. Accordingly, we must determine if such negligence could be found by a trier of fact to be a proximate cause of plaintiff's injuries.

Heath argues that the act of the driver who hit the cars parked behind the one in which plaintiff had been a passenger and which started the chain reaction of colliding vehicles was an intervening factor which insulated Heath's conduct from a proximate relationship to

plaintiff's injuries. The supreme court has stated the relationship between the existence of proximate cause and an intervening factor as follows:

> "The rule that the causal connection between a person's negligence and an injury is broken by the intervention of a new, independent, efficient and intervening cause so that the negligence is not actionable is subject to the qualification that *if the intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause* of the injury and he may be held liable notwithstanding the intervening cause." (Emphasis added.) (*Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 381, 50 N.E.2d 497, 504.)

Application of the foregoing rule to negligence actions arising from a series of highway collisions involving multiple vehicles has been difficult.

In *Hook v. Heim* (1977), 54 Ill. App. 3d 368, 369 N.E.2d 563, an initial multivehicle collision left one of the vehicles completely blocking a highway. A group of people, including plaintiff, came to the scene to aid those in the vehicles. After approximately five minutes, a third vehicle came along the highway, hit the vehicle blocking the highway and knocked that vehicle into the plaintiff. In an action for personal injuries caused by negligence, the plaintiff obtained a judgment on a verdict against the driver of one of the two vehicles creating the roadblock. The Fifth District reversed and remanded for a new trial, but held that plaintiff had presented a jury question of whether negligence by the defendant driver in causing the first collision was a proximate cause of plaintiff's injuries suffered at the time of the second collision. The court, citing *Neering*, deemed the act of the driver of the third vehicle in crashing into the vehicle blocking the highway was not unforeseeable as a matter of law.

In *Anderson v. Jones* (1966), 66 Ill. App. 2d 407, 213 N.E.2d 627, this court faced a more complicated situation. There, the defendant was traveling westbound on a four-lane highway when he lost control of his vehicle, crossed the median and collided with a car in an eastbound lane driven by Johnson. The defendant's vehicle then partially blocked the eastbound lanes. Shortly thereafter, another eastbound car driven by Watson collided with the rear of the defendant's vehicle, crossed over the median strip and came to rest in the westbound lanes of traffic. Plaintiff, who was traveling west, stopped because of the accident and shortly thereafter was hit from the rear by Zehr. Judgment was entered on a jury verdict for the plaintiff, but was re-

versed on appeal on the theory that the defendant's negligence which started the collisions was not a proximate cause of the plaintiff's injuries.

In determining the application of the doctrine of proximate cause to injuries occurring after successive, related vehicle collisions, the *Anderson* court relied heavily on sections 433 and 442 of the Restatement of Torts (Restatement of Torts secs. 433, 442, at 733-34, 744 (1948 Supp.)). The *Anderson* court concluded that the factors to be considered in determining whether negligence which was a proximate cause of an earlier collision could be a proximate cause of a later collision were:

> "(a) [L]apse of time; (b) whether the force initiated by the original wrongdoer continued in active operation up to the injury for which recovery is sought; (c) whether the act of the intervenor can be considered extraordinary rather than usual or normal and (d) whether the intervening act was a normal response to the situation created by the wrongdoer or an extraordinary response." *Anderson v. Jones* (1966), 66 Ill. App. 2d 407, 412, 213 N.E.2d 627, 629-30.

The *Anderson* court noted that the most immediate cause of the collision was the negligence of Zehr in colliding with plaintiff's automobile and that the force of the defendant's vehicle had previously spent itself. The court also noted that from three to ten minutes had elapsed between the collision involving the vehicles of defendant and Johnson and that between defendant's vehicle and that of Watson. Finally, the court considered that Zehr's act of hitting plaintiff's vehicle was unusual because after the second collision, other vehicles had safely stopped in the westbound lanes without hitting other vehicles. The court concluded that Zehr's negligence started a new chain of causation.

Factors (c) and (d) listed by the *Anderson* court concern the question of the usual or extraordinary nature of the act of the intervenor in response to the negligence of the original actor. They concern the foreseeability factor of proximate cause. In this connection, we note, as did the dissent in *Anderson*, the following statement contained in the Restatement (Second) of Torts:

> "The intervention of a force which is a normal consequence of a situation created by the actor's negligent conduct is not a superseding cause of harm which such conduct has been a substantial factor in bringing about." Restatement (Second) of Torts sec. 443 (1965).

The illustrations accompanying the foregoing state, in part:

"3. A car negligently driven by A strikes B and leaves him unconscious on the highway. Shortly afterward B is run over and further injured by a car negligently driven by C. A is subject to liability to B for both injuries." Restatement (Second) of Torts, Reporter's Notes sec. 443, illustration 3, at 474 (1965).

We also deem to be significant the following section of the Restatement (Second) of Torts which was also noted by the *Anderson* dissent:

"(1) If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.

(2) The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm." Restatement (Second) of Torts sec. 435 (1965).

Applying all of the authority we have discussed, we conclude that a jury question existed as to whether Heath's negligence could have been a proximate cause of plaintiff's injuries. Such a determination is consistent with the precedent cited. Clearly, a jury could determine that Heath's negligence was a proximate cause of the collision whereby she was injured and placed in peril and in need of aid. Under the circumstances here, a jury could also determine that her negligence was a proximate cause of the subsequent collision in which plaintiff received injuries.

The *Anderson* court considered the fact that the force from the original collision was spent and not in operation at the time of the collision in which the plaintiff was injured to be an important factor in negating a chain of proximate causation. However, we do not deem that court to have considered that factor, standing alone, to always negate the existence of such a chain. Such a holding would be inconsistent with that in *Hook* and the pronouncement of section 443 of the Restatement (Second) of Torts as explained by the cited illustration. Here, unlike in *Hook*, defendant Heath was not only the person whose negligence is alleged to have been a proximate cause of a prior collision and a proximate cause of plaintiff's injuries, but also the person who was placed in peril because of the prior collision. The cases are similar in that in both cases, the collision subsequent to the one in which the defendant was involved caused injuries to a person who was attempting to aid those involved in the previous collision.

The sequence of events here was much different than that in *Anderson*. The visibility here was very poor at all significant times. Numerous cars had collided with cars in front of them. The *Anderson* collision occurred at approximately 7:30 p.m. on a misty November evening, but the opinion did not indicate that the visibility was substantially impaired. The opinion emphasized that drivers other than Zehr, the driver who struck plaintiff's vehicle, had been able to see, and stop for, the debris which confronted Zehr. Here, all of the collisions occurred in the southbound lanes of the highway. There, the sequence of events started when the defendant's westbound vehicle went out of control, crossed a median strip which was six inches high and three feet wide and ended up in the eastbound lanes. Then, a collision occurred in the eastbound lanes of traffic knocking a vehicle back over the median strip and into the westbound lanes of traffic in which the defendant had originally been traveling. Then a line of cars, including the plaintiff's, formed behind that wreckage, with plaintiff's vehicle being struck from behind by a westbound vehicle. The negligence of the defendant there was much more attenuated from the ultimate injuries for which recovery was sought than was the conduct of Heath here. The cause of events after the conduct of the defendant was much less foreseeable than here and was actually "highly extraordinary" within the meaning of section 435 of the Restatement (Second) of Torts.

Plaintiff seeks to use the "rescue doctrine" in support of her contention that a jury question was presented on the issue of proximate cause. That doctrine provides that when a tortfeasor through negligence places a third party in peril and a plaintiff sustains an injury in attempting to rescue the third party, the plaintiff is permitted to negate any contention that his act of rescue is a superseding cause of his injuries, thereby allowing him to prove that defendant's negligence is the proximate cause of his injuries. (*Seibutis v. Smith* (1980), 83 Ill. App. 3d 1010, 404 N.E.2d 950.) We need not discuss, at length, the applicability of that rule to this case. As far as Schuster and Flynn are concerned, we have held that there was an absence of causal relationship even without considering intervening acts. As far as Heath is concerned, the issue of plaintiff's conduct being an intervening act was not raised. Rather, the alleged intervening act was the conduct of the driver who collided with the parked cars which resulted in the vehicle in which plaintiff had been a passenger striking and injuring plaintiff.

We affirm the summary judgments entered in favor of defendants Schuster and Flynn, but reverse the summary judgment entered in fa-

vor of defendant Heath. The cause is remanded to the circuit court of Douglas County for further proceedings in regard to the claim against that defendant.

Affirmed in part, reversed in part, and remanded.

MILLS and McCULLOUGH, JJ., concur.