First Division 

June 19, 2000

No. 1-99-0568

CANDICE FITZGIBBON and EDWARD FITZGIBBON 

Plaintiffs-Appellants,             

v.

THE NATIONAL BROADCASTING COMPANY, d/b/a WMAQ TV/CHICAGO,                                     

Defendant-Appellee. 

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County.

No.  96 L 01253

Honorable

Kathy M. Flanagan, 

Judge Presiding.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff Candice Fitzgibbon, an employee at a Turtle Wax factory, struck and injured her hand on a steel bar when an electrical arc, a loud explosion, a flash of light, and a power blackout occurred while Paul Nagaro, a cameraman for defendant National Broadcasting Company, d/b/a WMAQ TV/Chicago, was setting up electrical equipment outside the factory for a television news broadcast.  The explosion also injured Nagaro and burned his broadcast van, which was parked near an overhead power line 393 feet from where plaintiff was working.  Prior to the explosion, Nagaro raised the van's broadcast antenna without watching the entire process.  The antenna struck the overhead power line.  When Nagaro tried to connect cables, the electrical arc and explosion occurred.  Plaintiff testified during her deposition that the blackout "[i]n a way" had caused her to injure her hand, but her testimony was vague regarding the cause of her injury.

Plaintiff and her husband, Edward Fitzgibbon, filed an action for negligence against defendant, and the circuit court entered an order granting summary judgment (735 ILCS 5/2-1005 (West 1998)) in favor of defendant because plaintiff's testimony did not provide a causal nexus between defendant's negligence and plaintiff's injury. 

For the reasons which follow, we affirm.

On appeal, plaintiff contends that summary judgment was improper because genuine issues of material fact remain unresolved as to the issue of proximate cause.  Defendant concedes for the purpose of this appeal that its conduct could have constituted a cause in fact of plaintiff's injury, but contends that its conduct did not constitute the legal cause of plaintiff's injury, and consequently summary judgment was proper as a matter of law.

In reviewing the entry of summary judgment, an appellate court exercises 
de
 
novo
 review and construes all evidence strictly against the movant and liberally in favor of the respondent.  
Barnett v. Zion Park District
, 171 Ill. 2d 378, 385 (1996); 
Loyola Academy v. S & S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 271 (1992);  
Bartelli v. O'Brien
, 307 Ill. App. 3d 655, 659 (1999);  
Miller v. National Association of Realtors
, 271 Ill. App. 3d 653, 655 (1994);  
Finn v. Dominick's Finer Foods, Inc.
, 244 Ill. App. 3d 278, 281 (1993).  Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 1998);  
Barnett
, 171 Ill. 2d at 385.

Proximate cause of the injury ordinarily is a question for the trier of fact. 
 
First Springfield Bank & Trust v. Galman
, 188 Ill. 2d 252, 257 (1999);  
Lee v. Chicago Transit Authority
, 152 Ill. 2d 432, 454, 456 (1992);  
Hills v. Bridgeview Little League Association
, 306 Ill. App. 3d 13, 19 (1999);  
Kavales v. City of Berwyn
, 305 Ill. App. 3d 536, 547 (1999).  Proximate cause encompasses cause in fact and legal cause.  
Lee
, 152 Ill. 2d at 455;  see also 
First Springfield Bank & Trust
, 188 Ill. 2d at 257-58.  The key inquiry into cause in fact is whether the defendant's conduct was "a material element and a substantial factor in bringing about the injury."  
Lee
, 152 Ill. 2d at 455; see also 
First Springfield Bank & Trust
, 188 Ill. 2d at 259 ("a material and substantial element in bringing about the injury").

Legal cause is a question of foreseeability (
Lee
, 152 Ill. 2d at 456), and depends upon "whether the injury is of a type that a reasonable person would see 
as a likely result
 of his or her conduct" (Emphasis in original.) (
First Springfield Bank & Trust
, 188 Ill. 2d at 260;  see also 
Lee
, 152 Ill. 2d at 456).

Defendant cites a portion of the Restatement (Second) of Torts, which indicates that legal cause may not exist where it appears "highly extraordinary" that the defendant's conduct "should have brought about the harm."  Restatement (Second) of Torts §435 (1965).

In 
First Springfield Bank & Trust
, 188 Ill. 2d at 261, an illegally parked truck was held to be merely a passive condition and not a proximate cause of the fatal injuries to a pedestrian who crossed the street at mid-block ignoring a marked crosswalk and was hit by a car;  instead, the proximate causes were negligent jaywalking and negligent driving.  The supreme court ruled that the deceased pedestrian's decision to jaywalk did not "follow from" the illegally parked truck.

We find that 
First Springfield Bank & Trust
 is controlling in this case, and that the judgment of the circuit court was correct as a matter of law.  The sole dispute on appeal centers on whether defendant's conduct was the legal cause of plaintiff's injury.  When asked during her deposition whether there was "something about the fact that the lights went out that [she felt] caused [her] to injure [her] hand," plaintiff vaguely testified, "In a way, yeah."
  It appears "highly extraordinary" (Restatement (Second) of Torts §435 (1965)) that defendant's conduct would bring about plaintiff's injury.  It was not reasonably foreseeable that defendant's conduct outside the factory would likely cause plaintiff to hurt her hand in some unexplained way inside the factory.  
First Springfield Bank & Trust
, 188 Ill. 2d at 261.
  The accident in this case was more remote than the one in 
First Springfield Bank & Trust
.

In light of the foregoing
, the judgment of the circuit court is affirmed.

Affirmed

O'MARA FROSSARD P.J., and GALLAGHER, J., concur.