In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3729

DAVID BLOOD,

*Plaintiff-Appellant,*

*v.*

VH-1 MUSIC FIRST, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 09-399—**G. Patrick Murphy**, *Judge.*

ARGUED OCTOBER 18, 2011—DECIDED FEBRUARY 9, 2012

Before EASTERBROOK, *Chief Judge*, and RIPPLE and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge*. Dennis Hernandez caused a severe automobile accident in Southern Illinois that closed northbound I-57 for several hours. The resulting traffic jam stretched at least four and one-half miles. With traffic still not moving four hours later, truck driver Milinko Cukovic rear-ended David Blood's vehicle. Among others, Blood brought a personal-injury suit

against Hernandez and several related entities on the theory that Hernandez proximately caused the second accident. Unconvinced, the district court entered summary judgment for Hernandez and the other defendants. We affirm.

## I. BACKGROUND

This case presents a remarkably simple, undisputed set of facts. At approximately 5:00 p.m. on September 26, 2008, Dennis Hernandez, a commercial truck driver for MTV Networks, caused a three-car automobile collision after his truck crossed the center-median on I-57 in Southern Illinois. Given the severity of the accident, the West Frankfort Fire Department closed I-57's northbound lanes for several hours, which created a four- or five-mile traffic jam stretching away from the original accident.

Four hours later, traffic still was not moving because of the Hernandez accident. At 9:00 p.m., a car carrying brothers David and Paul Blood approached the end of the stalled northbound traffic without incident. Moments later, Milinko Cukovic, driving a truck for T.E.A.M. Logistics Systems, Inc., slammed into the Bloods' vehicle. The collision killed Paul Blood and seriously injured David Blood.

David Blood filed a personal-injury suit in Illinois state court against Cukovic and T.E.A.M. Logistics. Mary Blood, as Special Administrator for Paul Blood's estate, filed a similar suit against the same defendants. Cukovic and T.E.A.M. Logistics removed both cases to the United

States District Court for the Southern District of Illinois. Shortly thereafter, Cukovic and T.E.A.M. Logistics filed third-party complaints against Dennis Hernandez, MTV Networks, 51 Minds Entertainment, LLC, Endemol USA, Inc., and VH-1 Music First (collectively, the "Hernandez defendants"), alleging the Hernandez defendants' negligence in causing the first accident was the proximate cause of the second accident between Cukovic and Blood. After the district court consolidated the David Blood and Mary Blood cases into one proceeding, the Bloods amended their complaints to add the Hernandez defendants as direct defendants.

In August 2010, the district court acknowledged a settlement between David Blood and Cukovic and T.E.A.M. Logistics.[1] That same month, the district court entered summary judgment in favor of the Hernandez defendants on the ground that David Blood could not prove the Hernandez defendants proximately caused the second accident. David Blood filed this timely appeal.

## II. ANALYSIS

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to

---

[1] Paul Blood's estate did not settle any claims with Cukovic or T.E.A.M. Logistics. After the David Blood settlement, the district court severed the estate's action from David Blood's action. Thus, the estate's claims against the Hernandez defendants are not a subject of this appeal.

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review grants of summary judgment *de novo*, *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 690 (7th Cir. 2010), viewing the record in the light most favorable to David Blood and drawing all reasonable inferences in his favor, *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010). Although we have previously cautioned against weighing evidence at summary judgment, *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010), we have also said that "a factual dispute is 'genuine' only if a reasonable jury could find for either party," *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009).

Before continuing, we must first acknowledge that both parties accept Illinois substantive law as controlling this diversity case. That said, our job in interpreting state law is to "use our own best judgment to estimate how the [Illinois] Supreme Court would rule . . . ." *Valerio v. Home Ins. Co.*, 80 F.3d 226, 228 (7th Cir. 1996). To the extent the Illinois Supreme Court has not spoken directly about our issue, we may give "proper regard" to the state's lower courts. *Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967). In Illinois, a successful negligence claim requires David Blood to prove "that the defendant owed a duty to the plaintiff, that defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries." *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1071 (Ill. 1999). Because the duty and breach elements are undisputed, we will focus squarely on proximate cause.

Proximate cause encompasses both cause in fact and legal cause. *Lee v. Chicago Transit Auth.*, 605 N.E.2d 493, 502 (Ill. 1992); *Fitzgibbon v. Nat'l Broad. Co.*, 732 N.E.2d 64, 65 (Ill. App. Ct. 2000). To establish cause in fact, the plaintiff must show the defendant's "conduct was a material element and a substantial factor in bringing about the injury." *Lee*, 605 N.E.2d at 502. Legal cause on the other hand, "is essentially a question of foreseeability," *id.* at 503, and we must determine "whether the injury is of a type that a reasonable person would see *as a likely result* of his or her conduct," *Galman*, 720 N.E.2d at 1073. Ordinarily, proximate cause is a question for the trier of fact, *Fitzgibbon*, 732 N.E.2d at 65, but proximate cause may be found as a matter of law "when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them," *Merlo v. Pub. Serv. Co. of N. Ill.*, 45 N.E.2d 665, 675 (Ill. 1942). *See also Harrison v. Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 758 N.E.2d 848, 854 (Ill. 2001) (Harrison, C.J., specially concurring); *see, e.g., Fitzgibbon*, 732 N.E.2d at 65; *Galman*, 720 N.E.2d at 1071. In cases involving successive car accidents, proximate cause has been resolved as a matter of law based on the following considerations: "(a) lapse of time; (b) whether the force initiated by the original wrongdoer continued in active operation up to the injury . . . (c) whether the act of the intervenor can be considered extraordinary . . . and (d) whether the intervening act was a normal response to the situation created by the wrongdoer . . . ." *Anderson v. Jones*, 213 N.E.2d 627, 629-30 (Ill. App. Ct. 1966) (*citing* Restatement of Torts § 433, 442, 477 (1948 Supp.)); *accord Knoblauch v.*

*DEF Express Corp.*, 86 F.3d 684, 687-89 (7th Cir. 1996) (applying Illinois law).

In *Anderson*, the initial car accident involved defendant Jones and two other vehicles. Approximately five minutes later, plaintiff Anderson appropriately stopped short of the Jones accident, but as she did so, a second car driven by defendant Zehr slammed into Anderson's car. A jury accepted Anderson's claim that Jones proximately caused the second accident, but the Appellate Court of Illinois reversed. *Anderson*, 213 N.E.2d at 631. Applying the four proximate cause considerations, the court noted that three to ten minutes elapsed between the two accidents, the force of the first accident was spent before the second collision occurred, and Zehr "alone failed to follow the pattern of conduct all others followed after the force of the first collision came to a rest." *Id.* at 630. On these facts, the court concluded as a matter of law that Jones could not have proximately caused Anderson's injuries.

Two other Illinois Appellate Courts used the same four *Anderson* considerations when faced with similar successive car-crash facts, but those courts ultimately deferred to the factfinder. *Cox v. Stutts*, 474 N.E.2d 1382 (Ill. App. Ct. 1985); *Cherry v. McDonald*, 531 N.E.2d 78 (Ill. App. Ct. 1988). In *Cox*, blowing snow and poor visibility led to the initial car accident on I-57, which set off a chain reaction of intermittent automobile accidents that lasted for one hour. Approaching one of these accidents, defendant Heath was unable to stop her vehicle before striking the car in front of her. Plaintiff Cox's car

followed Heath's, but Cox properly stopped short of Heath's car. As Cox exited her vehicle to check on Heath's condition, yet another car slammed into the line of stopped vehicles culminating in Cox's car striking and injuring Cox herself. Among others, Cox brought suit against Heath. The trial court entered summary judgment for the defendants, but the Appellate Court of Illinois reversed. In applying *Anderson*, the Appellate Court found that several vehicles in front of Heath could not avoid striking other vehicles because of the blowing snow. *Cox*, 474 N.E.2d at 1386. In other words, Heath's reaction to the first accident was not extraordinary. Ultimately, proximate cause in *Cox* was too close a question for summary judgment, and thus, the jury was in the best position to resolve it. *Id.*

Similar to *Cox*, the court in *Cherry* refused to make a proximate cause finding as a matter of law. *Cherry*, 531 N.E.2d at 84. There, a truck driven by defendant Thornton rear-ended an automobile driven by McDonald, a minor. Following the first collision, several cars passed Thornton's stalled truck without incident. But, five or ten minutes after the first collision, plaintiff Cherry collided with Thornton's truck. A third collision occurred shortly after that. Cherry brought a negligence claim against McDonald and his father, but the jury ultimately sided with the McDonalds. Relying on the *Anderson* factors, the Appellate Court of Illinois affirmed and declined to find as a matter of law that McDonald's negligence in causing the first accident proximately caused the second accident between Cherry and Thornton. *Id.* In finding the jury's conclusion reasonable, the court noted

that several minutes passed between the two accidents and that several vehicles had successfully avoided the McDonald/Thornton collision. *Id.* The evidence was such that reasonable jurors could have came down either way on proximate cause.

David Blood asks us to consider one additional case, albeit one illustrating our interpretation of Illinois law rather than an Illinois court's interpretation of its own law: *Knoblauch v. DEF Express Corp.*, 86 F.3d at 684. Although the parties vigorously disputed the facts in *Knoblauch*, the basic premise involved two trucks that collided on the interstate. Following the accident, one driver pulled onto the shoulder and the other driver left his truck blocking a lane of traffic. Minutes later, a vehicle driven by Michael Knoblauch collided with the truck that was blocking the interstate, killing Knoblauch. Knoblauch's wife brought suit against both truck drivers, arguing that the first accident proximately caused the second. The district court granted summary judgment to the defendants. We reversed primarily on the ground that the jury, not the district court, was best positioned to resolve the intense factual dispute between the parties.

All of that background on Illinois state law brings us to the instant case where we are presented with the question of whether reasonable jurors could find the Hernandez defendants liable for proximately causing David Blood's injuries. *See Merlo*, 45 N.E.2d at 675. The undisputed facts in this case are closer to *Anderson* than to *Cox*, *Cherry*, or *Knoblauch*. Here, like *Anderson*, the

force of the first accident was spent long before the second accident occurred. Likewise, *Anderson* found that three to ten minutes between accidents was enough of a break in the causal chain to rule that Jones did not proximately cause Anderson's injuries. If a ten-minute gap between accidents broke the causal chain in *Anderson*, then certainly the four-hour difference between the Hernandez and Cukovic accidents similarly broke the causal chain here. Perhaps most damaging to David Blood is that Cukovic acted extraordinarily when compared to the other vehicles that approached the Hernandez accident. Cukovic, driving on a flat portion of I-57 at a time when the weather was clear, slammed into Blood's stopped vehicle at nearly 55 miles-per-hour. (R. 63-9 at 126.) Unlike the multiple chain-reaction accidents in *Cox*, the record here offers no evidence of other accidents during the four hours following the Hernandez accident. Cukovic's negligence, as contrasted to the other cars that properly stopped short of the Hernandez accident, clearly broke the causal link between Hernandez and Blood. Reasonable jurors could not conclude otherwise.

*Cherry* and *Knoblauch* also offer no help for Blood. Both cases, to differing degrees, defer to the factfinder on facts that reasonable jurors could have interpreted differently. *Knoblauch* in particular involved parties that vigorously disputed the facts, including whether one of the truck drivers in the first accident placed warning signals behind his truck before the second accident occurred. *Knoblauch*, 86 F.3d at 686. We placed significant weight on this disputed fact in concluding that only a jury could

conclude whether Knoblauch acted reasonably. *Id.* at 689. The facts before us are clearly different, in part because the parties do not dispute what happened. Namely, the Cukovic/Blood accident occurred four and one-half miles away and four hours after the Hernandez accident. Additionally, the record suggests that only Cukovic slammed into an idled car during the four-hour traffic jam. Reasonable minds cannot differ on whether the Hernandez accident proximately caused the Cukovic/ Blood accident.

We recognize, as did Justice Frankfurter in his *Pearce v. Comm'r* dissent, that "[i]n law as in life lines have to be drawn," 315 U.S. 543, 558 (1942), and drawing a line for purposes of proximate cause is no different, *see* W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 41, p. 264 (5th ed. 1984) ("As a practical matter, legal responsibility must be limited to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability. Some boundary must be set to liability for the consequences of any act . . . ."). In Illinois, we duly recognize that drawing the line for proximate cause is usually a task for the factfinder. But, this case presents a set of facts nowhere near that line. To allow this case to continue beyond summary judgment opens the door to endless liability, such that the first wrongdoer in a highway accident will forever be liable to all other drivers that follow. This is plainly a result that proximate cause analyses are designed to avoid. Thus, we find, as a matter of law, that the Hernandez defendants did not proximately cause Blood's injuries and rea-

sonable jurors "could not differ as to the inferences to be drawn from those facts." *Harrison*, 758 N.E.2d at 854.

### III. CONCLUSION

We hold that the Hernandez defendants did not proximately cause David Blood's injuries, and as such we AFFIRM the district court's grant of summary judgment for the defendants.