BYE, Circuit Judge,
dissenting.
I believe the district court improperly granted summary judgment because a reasonable juror could find Slezak’s negligence was foreseeable by Zhukov and Johnson. Therefore, I respectfully dissent.
In secondary-accident cases, the issue is typically whether the negligent act that caused the second accident was so extraordinary it'was not foreseeable to the first negligent driver. See Blood v. VH-1 Music First, 668 F.3d 543, 548 (7th Cir.2012) (finding the second driver’s negligence was *957 “extraordinary” when he crashed into stopped traffic at nearly fifty-five miles-per-hour in clear weather conditions on a flat portion of the interstate). If the secondary driver’s negligence is so “extraordinary” that it was not foreseeable, the secondary accident is an “efficient intervening cause,” which severs the causal connection between the original negligent conduct and the injury. Id.; Heatherly v. Alexander, 421 F.3d 638, 641-42 (8th Cir.2005).
While there is no Nebraska case on point, a number of other jurisdictions have found a triable issue of fact under circumstances similar to this case. In Smith v. Commercial Transportation, Inc., a tractor overturned at 4:30 a.m., blocking all three lanes of traffic and creating a two-mile backup. 220 Ga.App. 866, 470 S.E.2d 446, 447-48 (1996). The backup still had not been cleared almost six hours later, when a car approached with its cruise control set at sixty-five miles-per-hour and collided with the rear of another tractor trailer in front of it. Id. The Georgia Court of Appeals noted the six-hour and two-mile gap between the initial accident and the secondary accident were “certainly factors to be considered in the foreseeability analysis,” but it rejected the defendants’ argument that these factors were decisive as a matter of law and reversed the district court’s grant of summary judgment for the defendants who caused the original crash. Id. at 448-49 (“A jury could conclude that when one negligently turns over a tractor-trailer full of produce, it is reasonably foreseeable that the time required to clear it and the resulting traffic back-up will be immense.”); cf., e.g., Cooke v. Nationwide Mut. Fire Ins. Co., 14 So.3d 1192, 1197 (Fla.Dist.Ct.App.2009) (finding a fact question of proximate cause in secondary crash where decedent, approximately a mile away from the original crash, crested a hill at highway speeds and crashed into a truck that was traveling twenty to thirty miles per hour due to a traffic jam the original crash caused). These secondary-accident cases show the foreseeability inquiry can turn on a number of case-specific factors — such as the time of day, driving conditions, and time and distance from the original crash— which is why the Nebraska Supreme Court instructs courts to leave the case-specific foreseeability determination to the finder of fact “unless no reasonable person could differ on the matter.” A.W. v. Lancaster Cty. Sch. Dist. 0001, 280 Neb. 205, 784 N.W.2d 907, 917 (2010); see also Dee v. Johnson, 286 P.3d 22, 24 (Utah Ct.App.2012) (collecting cases); Longoria v. Graham, 44 S.W.3d 671, 675 (Tex.App.2001) (collecting cases).
I do not believe this is the type of case which compels only one reasonable conclusion on foreseeability. The traffic jam Zhukov and Johnson caused was unremarkable — traffic backed up for less than a mile, and only forty minutes had passed by the time Slezak crashed into the Schmidts. The accident occurred in the early hours of the morning, when a reasonable person could expect highways to be saturated with truck drivers, some inattentive from lack of sleep. Under these circumstances, and in this unsettled area of Nebraska law, I would decline to hold as a matter of law that Slezak’s negligence was so extraordinary that it was an “efficient intervening cause” which severed the causal connection between Zhukov’s and Johnson’s negligent conduct and the death of the Schmidts.
In certain cases, the secondary accident may be so far removed from the original accident that no reasonable juror could find the secondary negligence foreseeable. I agree with the Seventh Circuit, and the majority; that Blood is such a case. But in Blood, the secondary accident was separated from the original crash by four hours and five miles, whereas the accident that *958 killed the Schmidts in this case was substantially closer to the original crash, both in time (40 minutes) and in location (less than one mile). 668 F.3d at 548-49. While Blood may have presented a set of facts “nowhere near [the proximate cause] line,” the same cannot be said about this case.
' In this case, where to draw the line on proximate cause is an issue for the finder of fact. Therefore, I would reverse and remand.