UNITED STATES DISTRICT COURT 
 FOR THE NORTHERN DISTRICT OF ILLINOIS 
 EASTERN DIVISION 

AMAURY GARCIA, ) 
 ) Case No. 20-cv-0423 
 Plaintiff, ) 
 ) Judge Sharon Johnson Coleman 
 v. ) 
 ) 
RUHLING FARMS, LLC, et. al, ) 
 ) 
 Defendants. ) 

 MEMORANDUM OPINION AND ORDER 
 Plaintiff Amaury Garcia brought a five-count complaint sounding in negligence against TA 
Operating, LLC d/b/a TravelCenters of America (“TravelCenters”), among others, based on the 
Court’s diversity jurisdiction. 28 U.S.C. § 1332. Before the Court is TravelCenters’ amended 
motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a). For the 
reasons explained below, the Court denies TravelCenters’ motion. 
Background 
 On August 16, 2018, Garcia was driving an 18-wheeler truck with a load for Bedford Motor 
Services (“Bedford”). Garcia was traveling westbound on I-96 in Ingham County, Michigan. Garcia 
avers that sometime around 5 p.m. that day, his truck broke down. He then moved his truck to the 
shoulder of the highway. Shortly thereafter, Garcia contacted Bedford. Bedford, on behalf of 
Garcia, then contacted TravelCenters to request roadside assistance. TravelCenters said it would 
respond to the service call. Approximately twelve hours after the initial telephone call to 
TravelCenters, another vehicle crossed over to the right shoulder of the highway and struck Garcia’s 
truck. The driver of that vehicle, Raymond Guerrero Barron, is also a defendant to this lawsuit. 
Barron’s vehicle had struck Garcia’s truck prior to TravelCenters’ appearance at the location. 
Legal Standard 
 Summary judgment is appropriate “if the movant shows that there is no genuine dispute as 
to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a); 
see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A 
genuine dispute as to any material fact exists if “the evidence is such that a reasonable jury could 
return a verdict for the nonmoving party.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. 

Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact 
exists, the Court must view the evidence and draw all reasonable inferences in favor of the 
nonmoving party. Id. at 255; Hackett v. City of South Bend, 956 F.3d 504, 507 (7th Cir. 2020). After “a 
properly supported motion for summary judgment is made, the adverse party ‘must set forth specific 
facts showing that there is a genuine issue for trial.’” Anderson, 477 U.S. at 255 (quotation omitted). 
Discussion 
 TravelCenters argues that Garcia has failed to establish his negligence claim. “To prove a 
defendant’s negligence under Illinois law, a plaintiff must establish ‘the existence of a duty of care 
owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by 
that breach.’” Hutchison v. Fitzgerald Equip. Co., Inc., 910 F.3d 1016, 1022 (7th Cir. 2018) (citation 
omitted). TravelCenters first argues that it did not owe a duty of care to Garcia. “[T]he touchstone 
to determine the existence of a duty is ‘to ask whether a plaintiff and a defendant stood in such a 
relationship to one another that the law imposed upon the defendant an obligation of reasonable 

conduct for the benefit of the plaintiff.’” Vesely v. Armslist LLC, 762 F.3d 661, 665 (7th Cir. 2014) 
(citation omitted). 
 Garcia responds that TravelCenters had a duty of care under the voluntary undertaking 
theory of liability. “[P]ursuant to the voluntary undertaking theory of liability, one who undertakes, 
gratuitously or for consideration, to render services to another is subject to liability for bodily harm 
caused to the other by one’s failure to exercise due care in the performance of the undertaking.” 
Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1153 (7th Cir. 2010) (citation omitted). In other words, 
a party is liable for breaching a voluntary undertaking if it makes a promise to perform a service and 
then fails to exercise reasonable care when doing so. See Hutchison, 910 F.3d at 1023; Mickens v. CPS 
Chicago Parking, 131 N.E.3d 1158, 1175, 433 Ill.Dec. 313, 2019 IL App (1st) 180156 (1st Dist. 2019). 
 Here, Garcia has presented evidence that Bedford called TravelCenters on his behalf and 

that TravelCenters stated it would respond to his service call. Included in this evidence are 
TravelCenters’ four work orders concerning Bedford’s call on August 16, 2018. The last work order 
Garcia has provided indicates that a TravelCenters technician arrived at the scene to help Garcia, but 
that another driver had already hit Garcia’s truck. Because there are triable issues of fact that 
TravelCenters voluntarily responded to the call for roadside assistance, there are genuine issues of 
material fact concerning TravelCenters’ duty of care. 
 Next, TravelCenters maintains that Garcia cannot establish proximate cause as a matter of 
law. In Illinois, proximate cause involves two concepts – cause in fact and legal cause. In re: Emerald 
Casino, Inc., 867 F.3d 743, 755 (7th Cir. 2017). To establish cause in fact, a plaintiff must show that 
defendant’s actions were either a substantial factor in bringing about his injuries or “but-for” 
defendant’s conduct, the injury would not have occurred. Blood v. VH-1 Music First, 668 F.3d 543, 
546 (7th Cir. 2012). Legal cause, on the other hand, is a question of foreseeability. Id. More 
specifically, a “negligent act is a legal proximate cause of an injury if the injury is of the type that a 

reasonable person would foresee as a likely result of his conduct.” Greenhill v. REIT Mgmt. & 
Research, LLC, 156 N.E.3d 1, 18, 441 Ill.Dec. 1, 2019 IL App (1st) 181164 (1st Dist. 2019). “While 
proximate cause may be determined as a matter of law where the facts show that the plaintiff would 
never be entitled to recover, proximate cause is generally an issue of material fact to be determined 
by the jury.” Id.; see also Vesely, 762 F.3d at 665. 
 TravelCenters argues that Barron’s subsequent independent act of hitting Garcia’s truck was 
an intervening cause breaking any causal connection to TravelCenters’ conduct of failing to arrive to 
administer roadside assistance until approximately twelve hours after the call for assistance. See 
Shicheng Guo v. Kamal, 155 N.E.3d 517, 525, 440 Ill.Dec. 747, 2020 IL App (1st) 190090 (1st Dist. 
2020). It is well-established, however, that the “subsequent act of a third-party does not break the 
causal connection between a defendant’s negligence and a plaintiff’s injury if the subsequent act was 

probable and foreseeable.” Greenhill, 156 N.E.3d at 18. This is substantially the same standard for 
legal cause because it requires an analysis of foreseeability. See Inman v. Howe Freightways, Inc., 130 
N.E.3d 458, 478, 432 Ill.Dec. 916, 2019 IL App (1st) 172459 (1st Dist. 2019). 
 In its motion, TravelCenters maintains that Garcia’s conduct in moving his truck to the side 
of the highway and remaining in his truck and Barron’s subsequent conduct of hitting Garcia’s truck 
were not reasonably foreseeable. “[W]hat is reasonably foreseeable is a context-dependent inquiry.” 
Inman, 130 N.E.3d at 479. For example, some Illinois courts have found that vehicles stopped on 
the road off a lane of traffic were not the proximate cause of a traffic accident, but other courts have 
found the opposite – depending on the facts of the case. Id. at 479-82 (listing cases). Similarly, 
Illinois courts have concluded that it is reasonably foreseeable that highway drivers may veer away 
from their lanes of traffic. Id. at 479; see also Roeseke v. Pryor, 504 N.E.2d 927, 932, 105 Ill.Dec. 642, 
152 Ill.App.3d 771 (1st Dist. 1987). Also, in the context of intervening causation, some negligent 
driving by a third-party can be reasonably foreseeable. Kramer v. Szczepaniak, 123 N.E.3d 431, 444, 

428 Ill.Dec. 702, 2018 IL App (1st) 171411 (1st Dist. 2018). 
 These cases lend guidance to the Court’s conclusion that TravelCenters has not established 
as a matter of law that Garcia’s and Barron’s conduct was so “highly extraordinary” that “imposing 
liability is not justified.” Enbridge Energy, Ltd. P’ship v. Village of Romeoville, 146 N.E.3d 832, 846, 438 
Ill.Dec. 763, 2020 IL App (3d) 180060 (3d Dist. 2020) (citation omitted). Instead, reasonable minds 
could differ as to whether T'ravelCenters’ conduct was a substantial factor in bringing about Garcia’s 
injury, and thus this is a question for the jury to decide. Dayton v. Pledge, 128 N.E.3d 1120, 1132, 431 
 Dec. 950, 2019 IL App (3d) 170698 (3d Dist. 2019). Because TravelCenters has failed to show at 
this early stage that 1ts conduct was not the proximate cause of Garcia’s injury as a matter of law, the 
Court denies its motion.! 
Conclusion 
 Based on the foregoing, the Court denies defendant T'ravelCenters’ amended summary 
judgment motion [60]. 

TT IS SO ORDERED. / bn 
 Entered; 
 SHARON JOHNSON COLEMAN 
 United States District Court Judge 
DATED: 1/19/2021 

a final note, because Garcia’s arguments have a basis in fact and Ilnois law, ‘T'ravelCenters’ 
contention that these arguments are “speculative” is misplaced.