Wyckoff v. Runyon et al.

---

CHRISTIAN WYCKOFF v. WILLIAM W. RUNYON ET AL.

1. In a suit between the original parties to a note, a partial failure of the consideration of such note can be set up as a defence, to the same extent as though the action were founded on such consideration.
2. An error in the ruling at the trial, which has not substantially prejudiced the party complaining, will not lay the ground for a new trial.

This was a motion for a new trial. The point decided is intelligible without any prefatory statement.

Argued before the CHIEF JUSTICE, and Justices ELMER, VREDENBURGH, and WOODHULL.

For motion, *B. Van Syckel* and *Geo. A. Allen.*

Contra, *J. T. Bird* and *A. V. Van Fleet.*

BEASLEY, CHIEF JUSTICE. This cause was tried before the Hunterdon Circuit. The suit was on a promissory note, made by the defendant to the plaintiff, the consideration being certain wine plants (so called) sold and delivered. A question as to a partial failure of this consideration being raised at the trial, the jury was instructed that if such fact existed, it formed no defence to the action, either in whole or in part. The correctness of this instruction is the only important point of inquiry presented on the present argument.

There can be no doubt that the present case was submitted to the jury, in the particular under review, in exact accord-

ance with the practice which has long prevailed in this state. So far as my experience or information from tradition, extends, such has been the uniform conduct of similar causes. Such course has been recognized, also, in at least three several decisions of this court. *Allen* v. *Bank of U. S., Spencer* 621 ; *Starr* v. *Torrey,* 3 *Zab.* 190 ; *Beninger* v. *Corwin,* 4 *Zab.* 257. The principle sanctioned by these cases is, likewise, in manifest conformity with the settled practice in the English courts. With regard to the American authorities, it will be found that they are in conflict upon the subject, the preponderance, however, being decidedly in favor of the admissibility of the defence which was excluded in the present instance.

But continued as this mode of proceeding has been, I think it may be safely affirmed that it has never given satisfaction either to the bench or to the legal profession. And it would have been singular if this distaste of the rule had not prevailed, for to reject a defence merely on the ground that a note has passed between the parties, in cases in which such defence would, otherwise, be legitimate, certainly savors more of superfluous refinement than of practical wisdom. In the absence of the note now in suit, a partial failure of the subject of the sale could have been shown as a defence *pro tanto*. Why then between the same parties should the giving of the note cut off such defence? There is, clearly, no more inconvenience in trying the question of a partial failure of consideration in the one case than in the other; nor is a defendant in any degree, more liable to be taken by surprise when his action is based upon a note than he would be if he resorted to the consideration of the note as the foundation of his action. While, on the other hand, the obvious inconvenience, not to say palpable injustice, of the operation of the rule in question, is often painfully manifest. Its inevitable result, whenever applied, is to double litigation, for the failure of the consideration, the proof of which is excluded, lays the ground for a cross action ; and in those cases in which the plaintiff in the first suit chances to be in-

Wyckoff v. Runyon et al.

solvent, such cross action fails altogether to retrieve the money which has been unjustly taken from the defendant. In such a formula I can see nothing but an obstacle to the attainment of an ultimate decision on the merits of the case.

Nor does it seem to me that this court is bound to retain this rule as one of its methods in the trial of causes. It is clearly no part of the ancient common law, for no trace of its existence, in the proceedings of the courts at Westminster, prior to the beginning of the present century, can be found. Being, therefore, with us a mere course of practice, adopted from a supposed convenience and not resting in any fundamental maxims, it can be changed whenever such a step may be deemed judicious. In the case of *Bouker et al.* v. *Randles et al.*, 2 *Vroom* 341, an intimation was given that the practice in this respect might be altered, and the present case now presents the point, in a direct form, for decision. The conclusion to which my reflections have led me, is, that the old rule which has heretofore prevailed should be abandoned, and that hereafter a partial failure of the consideration upon which a note is founded, may be received in evidence in a suit between the original parties to it, to the same extent as though such consideration had formed the basis of the action.

But although arriving at the foregoing result, I have not been conducted by it to the opinion that a new trial, in the present instance, ought to be granted, for it seems to me that the case made before the jury did not call for the application of the rule just considered. As the evidence stood, when the case was rested, there was shown either an entire failure of consideration or no failure of consideration at all, and the jury were, substantially, so advised. It is true that the counsel of the plaintiff insisted, in spite of a cautionary suggestion from the court, that the jury should be instructed that they could not make any defalcation from the claim sued on, yet still, as it is evident that the defendant has not, under the circumstances, suffered any prejudice, the introduction of this irrelevant doctrine does not seem to me to necessitate

the disturbing of the verdict. Upon the proofs introduced, the jury would not have been warranted in deducting any thing from the claim of the plaintiff, and, consequently, in my opinion, this rule should be discharged.