SHEPPARD W. COOMBS, RESPONDENT, v. SOPHIA WITTE ET AL., APPELLANTS.

Argued October 27, 1927—Decided February 6, 1928.

For the appellants, *Cole & Cole.*

For the respondent, *Bourgeois & Coulomb* and *Mark R. Sooy.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by Coombs, an intending vendee of certain property located in

Wildwood, in Cape May county, to recover the sum of $16,-000 paid on account of the purchase price of that property, which was $160,500. The trial resulted in a verdict for the plaintiff, and from the judgment entered thereon the defendants have appealed.

The plaintiff's claim was based upon the following facts: In the latter part of August, 1925, he entered into an agreement with Mrs. Sophia Witte, who, together with her husband, owned the property in question, for the purchase thereof at the price above set forth. This agreement was not in writing. Subsequent to the making of it, however, and on the 5th of September of that year, Mrs. Witte and her husband, Henry Witte, executed a conveyance to their daughter, Helene, for the purpose of enabling her to carry out the contract made by her mother; and, on the same day upon which the conveyance was made to her, Helene and the plaintiff entered into a written agreement, the terms of which were practically the same as those contained in the earlier oral agreement between the plaintiff and her mother. One of the provisions of this written contract was that the vendor should give a warranty deed for the property, clear of all encumbrances, except municipal improvements, the cost of which had not been assessed, obvious easements and usual restrictions running with the land. When the time for performance arrived the plaintiff refused to accept a conveyance from Helene Witte, basing his refusal partly on the assertion that there were certain unusual restrictions upon the property involved; and also (and principally) upon the ground that the title conveyed to Helene was invalid because of the fact that her father, who was an inmate of the State Asylum for the Insane, was, at the time of making of the conveyance to her, incapable of transferring the title of the property to her because of his then mental condition.

The first ground for reversal argued by counsel for the appellants is based upon the contention that the court erred in refusing to charge the following request submitted in their behalf: "The jury has no right to consider the claim that there are restrictive covenants against the land." We consider that this request was properly refused. It embraced

unusual, as well as usual, restrictions, and our examination of the case leads us to the conclusion that it was a matter in dispute between the parties whether any of the restrictions resting upon this land were unusual in character. That being so, it was for the jury to determine whether or not such restrictions existed. The trial judge, in dealing with this phase of the case, told the jury that he remembered no evidence that the restrictions which had been testified to during the course of the trial were unusal in their character, but that if he was wrong the jury might correct him. This instruction was certainly as favorable as the appellants were entitled to, and, if injurious at all, was injurious, not to them, but to the respondent.

The next contention is that the court erred in not charging the following request: "If the plaintiff knew when he signed the agreement that Witte was in the state hospital, and that he was mentally incapable of executing the deed, he cannot recover." The court properly refused to charge this request. By the terms of the agreement he was entitled to a warranty deed which would give him the absolute title to the land involved in the transaction, subject only to the restrictions provided in the agreement. This the intending vendor was required to give him, and that could only be done by having a valid and enforceable conveyance made by Mr. Witte at or before the time of the execution of the contract of sale. The fact that the plaintiff knew when the agreement was signed that Witte was in the state hospital and lacked the mental capacity to make a valid deed did not estop him from insisting that the agreement should be carried out in exact accordance with its terms, and that a conveyance, absolute and beyond successful attack, should be given to him. *Simpson* v. *Klipstein*, 89 *N. J. Eq.* 543, and cases cited.

It is further argued that the court erred in instructing the jury that certain proceedings taken before Judge Eldredge of the Court of Common Pleas of Cape May county, in the year 1915, under the provisions of the statute of 1913, entitled "An act concerning the commitment of insane persons into institutions for the care and treatment of the insane in this state, their confinement therein and their support while so

confined" (*Pamph. L., p.* 449), should be considered by them in determining the question of the alleged insanity of Witte, and in stating that they were *prima facie* evidence of the existence of such insanity. We are not able to perceive any error in this instruction. The proceedings referred to resulted in an adjudication that he was insane. His commitment to the state asylum was based upon that adjudication, and a judgment of this character in a court vested with jurisdiction to inquire into and determine the existence of lunacy is competent, although not conclusive, evidence of the mental condition of the person who is the subject of the investigation at the time when the judgment was pronounced. *Yauger* v. *Skinner,* 14 *N. J. Eq.* 389; *Hill* v. *Day,* 34 *Id.* 150; *Mott* v. *Mott,* 49 *Id.* 192, 196; *Kern* v. *Kern,* 51 *Id.* 574, 583. And such proceedings are not only evidential on the question of the person's mental condition at the time when they were had, but also of the continued existence of that condition; for where a state of insanity is shown to have existed at a certain time, it is presumed to continue until the contrary is shown. *Boylan* ads. *Meeker,* 28 *N. J. L.* 274.

The next reason for reversal argued by counsel is rested upon the following exception to the charge to the jury: "To all that the court said to the jury upon the subject of insanity." The basis of the exception was stated to be that Witte's insanity was not and could not be an issue in the cause, because he was not a party thereto, and that, therefore, the only legitimate question, so far as his mental capacity was concerned, was whether or not he appreciated the nature and effect of the act in which he was engaged. It seems hardly necessary to point out that the court was justified in referring to the matter of Mr. Witte's insanity, although he was not a party to the litigation, for the very question in issue was whether the intending vendor was able to convey an absolute, indefeasible title, in view of the fact that at the time she received a conveyance from her father he was an insane patient in the state hospital. Conceding that the ultimate question to be determined by the jury was whether or not Witte appreciated the nature and effect of the act in which he was engaged, that fact did not render incompetent

all that the court said to the jury on the subject of insanity. If counsel had desired an instruction of the kind suggested, he should have requested the court to incorporate it in the charge. This he did not see fit to do.

The next contention is that the court erred in refusing to direct a verdict for the defendant. We see nothing of merit in counsel's argument upon this point. The question of the insanity of Witte, and whether it was of such a character as to render him incapable of appreciating the effect of the conveyance, that he was asked to and did sign involved matters of fact, to be determined by the jury, under the evidence produced before them, and not matters of law, to be determined by the court.

It is further contended that the court erred in refusing to charge the following request submitted on behalf of the appellants: "The mere fact that Henry Witte was an inmate of the state hospital at the time he signed and acknowledged the deed to his daughter did not raise a presumption that he was mentally incapable of executing the deed." We consider that this request was properly refused, because it did not embrace all of the material factors—that is to say, it did not embrace a statement of the conceded fact that Witte had been committed to the asylum as an insane patient in the year 1915, under the adjudication had in the proceeding before Judge Eldredge, and that he had continuously remained in confinement in the asylum under that commitment up to and after the time when he executed the conveyance to his daughter.

Counsel further contends that the court erred in overruling certain questions put to the defendants' witness Dr. Funkhouser, who was present when Witte executed the deed to his daughter. These questions related to what a notary public, named Connolly, asked Witte at the time when he took the latter's acknowledgment to the deed. We think this testimony was competent. The questions asked by Connolly, taken in connection with the answers thereto, naturally tended to throw light upon Witte's ability to appreciate the nature of his act, and the consequences thereof. But in view of the fact that Witte himself was afterwards called as a

witness by the defendants, and testified to the whole conversation between Connolly and himself with relation to the making and the acknowledgment of the deed, we consider that the error was not harmful to the appellants, no attempt having been made to contradict Witte upon this point, and that, consequently, it constitutes no ground for a reversal. Section 27 of the Revised Practice act of 1912 (*Comp. Stat. Supp., p.* 1207) prohibits the reversal of a judgment because of the improper exclusion of evidence, unless, after an examination of the whole case, it shall appear that the error injuriously affected the substantial rights of the party.

Finally, it is argued that the court erred in admitting in evidence certain letters offered by plaintiff's counsel relating to the subject-matter of the present litigation. We have examined the letters and consider that they were properly admitted, consisting, as they do, of correspondence between counsel of the respective litigants with relation to the refusal of the plaintiff to accept the conveyance, and the basis of that refusal; and the defendants' intention to hold the plaintiff to his contract on the ground that such refusal was without legal justification.

The conclusion we reach, after a consideration of the whole case, is that the judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.