41 N.J. Super. 574 (1956)
125 A.2d 531
EMMA K VanDERBEEK AND ANNA V. RAMSEY, PLAINTIFFS-APPELLANTS,
v.
MARTHA R. CONLON, KERMIT J. SCHWOYER AND WAYNE G. WESSNER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1956.
Decided October 2, 1956.
*576 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. C. Ryman Herr, Jr., argued the cause for appellants (Messrs. Herr & Fisher, attorneys).
Mr. John C. Stockel argued the cause for respondents Schwoyer and Wessner.
Mr. Victor C. Hansen argued the cause for respondent Conlon (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys; Mr. Robert L. Clifford, on the brief).
The opinion of the court was delivered by JAYNE, J.A.D.
The life of William D. VanDerbeek was tragically and needlessly sacrificed. It was at 3 o'clock on the clear and promising morning of June 9, 1953 that one Martha R. Conlon was continuing to prolong her recreational leisure of the preceding day. With her mind probably disturbed by the influence of the consumption of some quantity of intoxicating liquor she was at the stated hour operating her Pontiac station wagon in a westerly direction on the east-bound lanes of the dual highway known as U.S. Route No. 22 in the Borough of Lebanon, Hunterdon County, when her vehicle collided with the east-bound tractor-trailer owned *577 by the defendant Wayne G. Wessner and driven by the defendant Kermit J. Schwoyer.
In consequence of the collision the trailer was overturned and lay on its left side across the east-bound lanes of the highway. The tractor, the overturned trailer, and the dislodged corn with which the trailer was laden completely blockaded future east-bound vehicular traffic on the appropriate lanes of the dual highway.
State troopers promptly arrived at the scene of the collision about 11 minutes later and immediately ascertained the injuries respectively sustained by the drivers, and surveyed the relative positions of the vehicles on the highway and the hazards which would confront approaching motorists. One of the troopers transported the drivers of the vehicles to the offices of a physician; the other forthwith engaged in the distribution of precautionary warning flares on and along the east-bound traffic lanes at a procession of locations west of the collision, and with the aid of others directed east-bound traffic off the highway into Main Street in Lebanon. Fortunately, neither driver was very seriously injured.
A wrecking truck with its attendant and members of the Lebanon Volunteer Fire Department, of which the decedent, William D. VanDerbeek, was an honorary member, soon arrived to render their services. Many others congregated at and about the scene to observe the conditions.
It was amid such a state of affairs that at 4:04 A.M., about one hour after the occurrence of the collision, a motor truck loaded with 23 tons of coal, owned by one Andrew Mindy and operated by one Harvey Deckert, approached the scene of the collision from the west traveling on the downgrade east-bound portion of the highway at a speed in excess of 60 miles per hour. Its motor was noisily racing "like an airplane engine trying to take off." The coal truck with unreduced speed passed by the several warning flares on the highway and the flashlight signals of the trooper and those of others and violently crashed into the overturned trailer, turning the latter completely around, moving it some 70 feet to the east, and originating a conflagration the *578 flames of which ascended 45 feet. The decedent, who was at the time in the immediate vicinity of the trailer, suffered bodily injury from which he died on the following day.
We are at present concerned with an action instituted by Emma K. VanDerbeek and Anna V. Ramsey in their capacities as general administratrices of the decedent's estate and by Emma K. VanDerbeek in her capacity as administratrix ad prosequendum of the decedent to establish the alleged negligence of the defendants Conlon, Schwoyer, and Wessner as a proximate culpable cause of the decedent's untimely death. Motions to dismiss the plaintiffs' alleged causes of action were denied at the conclusion of the plaintiffs' affirmative proof and also at the final submission of all the evidence. The jury rendered a verdict of no cause for action. An application on behalf of the plaintiffs for a new trial was refused. The plaintiffs appeal.
The summary of the facts with which this memorandum is prefaced met no contradiction in essential particulars beyond a scintilla at the trial. The deductions of persuasive rationality are that the former collision was occasioned by the carelessness of the defendant Conlon in undertaking to operate her vehicle westerly over the east-bound lanes of the highway; and that the subsequent disaster was attributable either to the inexplicable gross negligence of the driver of the coal truck or peradventure to a seizure of mental unconsciousness, or again perhaps to some mechanical failure in the operation of the brakes of the truck. The driver, too, lost his life.
Counsel for the plaintiffs theorize in the prosecution of the present action that the herein named defendants ought reasonably to have foreseen from the existing conditions occasioned by the first collision in which they were personally implicated the likelihood of a subsequent mishap, and that they were remiss in their duty to exercise the requisite care to shield other motorists on the highway from probable injury.
The theory is recognizable; the supporting proof, if any, is at most microscopic. In the present instance the driver *579 of the coal truck for some reason utterly ignored as many as 15 illuminated flares located at spaces on and along the highway ahead of him for a distance of 700 feet, disregarded the danger signal flashing on the roof of the tow truck, and accorded no perceptible attention whatever to the flashlight warnings conspicuously displayed by the trooper and another bystander.
In the process of reviewing this case we wonder if fair minded jurors could have rationally concluded that a mishap of this extraordinary nature ought to have been reasonably anticipated as a probable sequence and that due care required some supplementary precautionary measures, the absence of which was in any efficient degree a proximate cause of this anomalous occurrence. Was there any reasonable basis in the proofs to sustain a verdict in favor of the plaintiffs? Township of Parsippany-Troy Hills v. Bowman, 3 N.J. 97, 107 (1949). Were there such disputed facts or inferences derivative therefrom preventing the court from declaring the dismissal of the action at the conclusion of the testimony? Kaufman v. Pennsylvania Railroad Co., 2 N.J. 318 (1949); Gentile v. Pub. Service Coordinated Transport, 12 N.J. Super. 45, 50 (App. Div. 1951).
It must be immediately acknowledged that the verdict of the jury was abundantly justified by the evidence. The denial of a new trial was eminently judicious. Anent our appellate function in that particular, see Hartpence v. Grouleff, 15 N.J. 545, 549 (1954); Lindroth v. Christ Hospital, 21 N.J. 588, 596 (1956).
The plaintiffs specify certain trial errors which their counsel insists should induce us to demolish the judgment, although to us it is patently just on the merits. In that state of the appeal we have in the interest of justice examined the transcript of the trial to ascertain if the plaintiffs' opportunity fully to disclose the facts accompanying the accident was in any objectionable degree erroneously abridged by the court in any significant particular.
In that respect the only restriction imposed upon the plaintiffs in the introduction of their evidence was in their *580 endeavor to prove that a partially consumed bottle of whisky was on the front seat beside Miss Conlon at the time her vehicle collided with the grain truck. We observe that in the trial Miss Conlon subsequently testified that she had indulged in an alcoholic beverage and confessed that she had a bottle of whisky in her car. Coombs v. Witte, 104 N.J.L. 519, 524 (E. & A. 1928).
Her state of intoxication was neither a sharply controversial nor pivotal issue. At this trial it was somewhat of an extraneous circumstance the proof of which the trial judge might in his discretion well have admitted. It eventuated, however, that no harm was suffered by the plaintiffs. And so, we notice that all of the information relating to the factual circumstances which the plaintiffs sought to offer came to the attention of the jury.
The remaining points of appeal submitted for a reversal of the judgment pertain solely to the court's treatment of three requests to charge  his denial to charge request No. 32 of the plaintiffs, and his adoption of requests Nos. 7 and 10 of the defendants. We cannot and should not entirely avoid testing the alleged prejudicial nature of the assigned errors in the court's instructions in the light, inter alia, of the soundness of the verdict. Vide, 3 Am. Jur. 634, §§ 1111, 1112. Assuredly an error in instructions of law as against an unsuccessful plaintiff is not prejudicial where he manifestly fails basically to support his alleged cause of action by the facts. Fannick v. Metropolitan Life Ins. Co., 34 N.J. Super. 556, 562 (App. Div. 1955); Osborne v. Tunis, 25 N.J.L. 633, 649 (E. & A. 1856); Wyckoff v. Runyon, 33 N.J.L. 107, 109 (Sup. Ct. 1868). Cf. Leport v. Todd, 32 N.J.L. 124, 133 (Sup. Ct. 1866).
The only passage of the court's charge which we regard to be worthy of particular comment is that responsive and accordant with defendants' request No. 10. We quote:
"If you find from the evidence that the interval of approximately one hour's time between the two accidents was a reasonable period for the police to take control and provide adequate warning at the scene of the accident, then I charge you that any active dangerous *581 condition that may have been caused by the first accident was rendered inactive and incapable of causing further harm, for it is reasonable to assume that adequate warning would have been provided by the police and observed by oncoming vehicles, and therefore the plaintiffs cannot recover."
There was testimony given by trooper Uker that immediately after his arrival at the scene with trooper Decker, and perhaps 30 to 40 minutes before the occurrence of the second collision, "the police were in complete charge" of the vehicular traffic in the area and of the cautionary devices for the protection of approaching motorists. Incidentally, the police are authorized by statute to remove a "disabled automobile" from the highway. N.J.S.A. 39:4-136.
Certainly the presence of the police and their noticeable assumption of the service of warning and controlling the passage of oncoming motorists were circumstances appropriately to be considered by the jury in determining the alleged failure of duty of the defendants, but we must record our disapproval of the instruction that as a matter of law if the jury were to resolve "that the interval of approximately one hour's time between the two accidents was a reasonable period for the police to take control and provide adequate warning," then "any active dangerous condition that may have been caused by the first accident was rendered inactive and incapable of causing further harm." Moreover we are unaware of any presumption of law "that adequate warning" is in all instances "provided by the police and observed by oncoming vehicles."
We reveal our conviction concerning the impropriety of this excerpt from the court's charge because such an instruction might in a given case well assume the stature of a reversible error. Of some pertinency is the decision in Vadurro v. Yellow Cab Co. of Camden, 6 N.J. 102 (1950).
In the existing state of the evidence in the present action we are not persuaded that the plaintiffs experienced any denial of substantial justice by reason of any of the errors claimed. R.R. 1:5-3(b); 2:5.
The judgment is affirmed.