# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2981

_____

Bradley B. Baumann, et al., individually and as co-special administrators

*Plaintiffs - Appellants*

v.

Vladimir Zhukov, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 9, 2015
Filed: October 1, 2015

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

A deadly crash involving truck drivers Vladimir Zhukov and Keith Johnson rendered westbound Interstate 80 impassible near Potter, Nebraska, in the early hours of September 9, 2012. Approximately forty minutes later, Christopher and Diana Schmidt and their two children were stopped at the end of the nearly mile-long traffic jam when a truck driven by Josef Slezak smashed into their vehicles, tragically killing them and Diana's unborn child. The administrators of the Schmidts' estates sued,

among others, Zhukov, Zhukov's equipment provider, and Zhukov's and Johnson's employers, alleging that the negligence of Zhukov and Johnson in causing the first crash proximately caused the second. Plaintiffs appeal the district court's[1] grant of summary judgment for these defendants. Reviewing the grant of summary judgment *de novo*, we agree with the district court that the Schmidts' injuries were not proximately caused by the negligence of Zhukov or Johnson because the unanticipated negligence of Slezak was an "efficient intervening cause." Latzel v. Bartek, 846 N.W.2d 153, 164 (Neb. 2014). Accordingly, we affirm.

## I. Background

We state the facts in the light most favorable to plaintiffs, the nonmoving parties. Shortly before 4:20 a.m. on September 9, 2012, Zhukov was driving a tractor-trailer rig westbound on Interstate 80 near Potter, Nebraska, when he struck an object in the road. His vehicle lost air-brake pressure, causing its spring-powered parking brakes to apply automatically. Zhukov stopped with the full rig, or at least a large part of the trailer, in the right-hand lane. Two experts opined that he could have pulled completely onto the shoulder before stopping. Zhukov turned on his hazard lights and placed warning reflectors behind the rig, but left them much closer to the trailer than federal regulations require and in a formation that guided traffic towards the right shoulder rather than the unobstructed left lane. See 49 C.F.R. § 392.22(b). At 4:34 a.m., a semi-tractor-trailer driven by Keith Johnson crashed into the rear of Zhukov's trailer. Johnson did not slow down or attempt to change lanes before hitting Zhukov. The crash killed Johnson, caused a fire, and scattered debris, resulting in a complete blockage of both westbound lanes.

---

[1]The Honorable F.A. Gossett III, United States Magistrate Judge for the District of Nebraska, to whom the case was assigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

A sheriff's deputy arrived on the scene of the accident at 4:40 a.m.; the first firefighting unit arrived at 4:49 a.m. A traffic jam 0.86 miles long formed behind the crash. The Schmidts, traveling westbound in two cars, safely stopped at the end of the long line. Vehicles in the lineup -- including both Schmidt cars and the truck immediately in front of them -- activated hazard lights, and police, fire, and ambulance vehicles had overhead lights flashing. Nevertheless, at 5:14 a.m., a semi-tractor-trailer driven by Josef Slezak smashed into Christopher Schmidt's car at approximately seventy-five miles per hour. The collision propelled Christopher's car into Diana Schmidt's car, propelling it under the semi-trailer stopped in front of the Schmidts. All four vehicles caught fire. The entire Schmidt family perished.

The weather on September 9 was clear, with no precipitation. Plaintiffs' First Amended Complaint alleged that, at the time of the second accident, the "line of traffic stopped due to the Zhukov/Johnson collision was visible for no less than one mile to approaching traffic, and users of citizens band radios, both westbound and eastbound, were warning oncoming drivers that traffic had come to a stop ahead."[2] A fire truck, with lights and siren on, passed the end of the traffic jam on its way to the first crash scene less than a minute before the second crash. Despite these multiple warning signs, Nebraska State Trooper and accident reconstructionist Travis Wallace determined that Slezak did not brake or attempt to avoid the Schmidts' cars before crashing into them. Slezak had been driving for at least fourteen hours at the time of the crash -- three more than is permitted by federal regulation. See 49 C.F.R. § 395.3(a)(3)(i). Wallace concluded Slezak was fatigued, inattentive, and unable to operate a motor vehicle safely.

---

[2]Plaintiffs assert in their Reply Brief, without citation to authority, that these allegations are not judicial admissions because they were neither admitted nor denied in defendants' answers. The assertion is without merit. See L.L. Nelson Enters., Inc. v. Cty. of St. Louis, 673 F.3d 799, 806 (8th Cir. 2012) (allegations in complaint are binding judicial admissions); Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003).

The administrator plaintiffs sued Zhukov, the companies for which he was driving, MTR Express and Swift Truck Lines, and Johnson's employer, Long Haul Trucking, alleging theories of direct and vicarious liability. Plaintiffs claimed that the negligence of Zhukov and Johnson caused the first collision, resulting in a traffic stoppage that created conditions which reasonably and foreseeably led to the Schmidts' deaths from the second collision. The district court granted defendants' motion for summary judgment, concluding that plaintiffs could not satisfy the element of proximate causation because "Slezak's negligence was an efficient intervening cause, which severed any causal connection between Defendants' conduct and the injuries sustained by Plaintiffs." Plaintiffs appeal, arguing that Slezak's negligence was not unforeseeable as a matter of law and therefore a jury should determine whether defendants' negligence proximately caused the Schmidts' injuries. After plaintiffs settled their separate claims against owner-operator Slezak and the trucking company that engaged him, final judgment was entered, giving us appellate jurisdiction under 28 U.S.C. § 1291.

## II. Discussion

The law of Nebraska, the forum state, governs this diversity action. Heatherly v. Alexander, 421 F.3d 638, 641 (8th Cir. 2005). "In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." A.W. v. Lancaster Cty. Sch. Dist. 0001, 784 N.W.2d 907, 913 (Neb. 2010). Proximate cause "consists of three elements: that (1) but for the negligence, the injury would not have occurred, (2) the injury is the natural and probable result of the negligence, and (3) there is no efficient intervening cause." Heatherly, 421 F.3d at 641-42. "An efficient intervening cause is new and independent conduct of a third person, which itself is a proximate cause of the injury in question and breaks the causal connection between the original conduct and the injury." Latzel, 846 N.W.2d at 164. "The causal connection is severed when (1) the negligent actions of a third party intervene, (2) the third party

-4-

had full control of the situation, (3) the third party's negligence could not have been anticipated by the defendant, and (4) the third party's negligence directly resulted in injury to the plaintiff." Id. (quotation omitted).

Only the third element of an efficient intervening cause is disputed here -- whether the intervening negligence of Slezak in colliding with the stopped Schmidt vehicles was a reasonably foreseeable consequence of the negligent acts of Zhukov and Johnson that caused the first accident. Foreseeability is ordinarily a question for the trier of fact, but where reasonable minds could not differ, "foreseeability determinations can properly be made as a matter of law." Id. at 165.

"[W]hen one engaged in the lawful use of the highway causes an obstruction to be placed upon it in such a manner as to be dangerous to traffic, he must use ordinary care to prevent injury to others where he knows that said obstruction is calculated to do injury to travelers." Brown v. Neb. Pub. Power Dist., 306 N.W.2d 167, 170 (Neb. 1981) (quotation omitted). In determining proximate cause, "[i]t is sufficient if what occurs is one of the kind of consequences which might reasonably be foreseen." Id. at 171 (quotation omitted). Pointing to statistical analysis and expert testimony in the summary judgment record, plaintiffs argue that the Schmidts' deaths were the kind of consequences defendants could (and did) reasonably foresee because "traffic flow interruptions including prior collisions [are] a leading cause of serious/fatal [highway] crashes."

We have found no Nebraska decision addressing whether a third party's intervening negligence that caused a second collision was a reasonably foreseeable consequence of the negligence that caused an initial collision resulting in a traffic stoppage. In a number of cases, however, the Supreme Court of Nebraska has held as a matter of law that the negligence of a landowner or a government agency that created a hazardous road condition was not the proximate cause of a highway accident because a driver's negligence was an efficient intervening cause that severed

-5-

any causal connection. In <u>Latzel</u>, the court held that landowners' negligence in planting corn that obstructed drivers' views of an unmarked intersection was not the proximate cause of a subsequent collision because the landowners -

> were not bound to anticipate that drivers would disregard the obvious danger of traversing a visually obstructed unmarked intersection without being able to see what they needed to see to do so safely. Reasonable minds cannot differ that the drivers' actions could not have been anticipated by the landowners and that as a matter of law, the drivers' negligence constituted an efficient intervening cause of the collision.

846 N.W.2d at 167. Similarly, in <u>Malolepszy v. State</u>, 729 N.W.2d 669, 677 (Neb. 2007), the Court held that the State's allegedly negligent design and management of a construction site did not proximately cause injuries plaintiff sustained in an accident because the "State was not bound to anticipate that a vehicle stopped along the shoulder of the road would suddenly pull out in front of oncoming traffic." <u>Accord</u> <u>Willet v. Cty. of Lancaster</u>, 713 N.W.2d 483, 489 (Neb. 2006) (driver's failure to obey stop sign at obstructed intersection not foreseeable to the County); <u>Zeller v. Cty. of Howard</u>, 419 N.W.2d 654, 659 (Neb. 1988) (driver who disregarded obvious danger at intersection lacking stop sign was efficient intervening cause); <u>Delaware v. Valls</u>, 409 N.W.2d 621, 624 (Neb. 1987) (adjacent property owners could not foresee plaintiff would negligently enter obstructed intersection).

The foreseeability issue is more difficult when the initial negligence is a highway obstruction or collision that results in a second collision. In general, as plaintiffs argue, the risk that a highway stoppage will cause follow-on collisions is well known. But numerous courts in other jurisdictions, faced with similar facts, have concluded that the proximate cause inquiry is fact specific.

> In cases involving successive car accidents, proximate cause has been resolved as a matter of law based on the following considerations: (a)

lapse of time; (b) whether the force initiated by the original wrongdoer continued in active operation up to the injury[;] (c) whether the act of the intervenor can be considered extraordinary[;] and (d) whether the intervening act was a normal response to the situation created by the [first] wrongdoer.

Blood v. VH-1 Music First, 668 F.3d 543, 546 (7th Cir. 2012) (quotation omitted). In Blood, defendants negligently caused a crash blocking northbound Interstate 57. Four hours later, a truck slammed full speed into plaintiff's car, stopped at the end of the resulting four-and-a-half-mile-long traffic jam. Applying Illinois law, the Seventh Circuit affirmed the grant of summary judgment for defendants, noting the length of time between the two crashes and emphasizing that the second truck driver "acted extraordinarily" in failing to stop, when every other driver had come to a safe stop and visibility was good. Id. at 548.

Similarly, in Donegan v. Denney, 457 S.W.2d 953 (Ky. 1970), glass cargo fell from a Pepsi truck, blowing out the tires of the next car and causing three following cars to collide. Traffic stopped, and another five cars collided nearly a thousand feet from the first crash. The court affirmed the grant of judgment for the defendant as a matter of law, concluding that Pepsi's negligence was not a proximate cause of the five-car collision because its original negligence was superseded "in light of so many instances in which motorists had safely stopped between the site of Pepsi's negligence and the locale of the five-car collision." Id. at 958; accord Hale v. Brown, 167 P.3d 362, 363, 367 (Kan. App. 2007) (driver who drove off freeway, causing traffic jam when emergency vehicles responded, not the proximate cause of second accident thirty-five minutes later at end of the line); Anderson v. Jones, 213 N.E.2d 627, 630 (Ill. App. 1966) (accident blocking freeway not proximate cause of crash at end of resulting traffic jam; three to ten minutes elapsed and numerous cars stopped safely); cf. Vanderbeek v. Conlon, 125 A.2d 531, 533 (N.J. Super. Ct. App. Div. 1956) (affirming jury verdict for defendant; one hour after first collision, second was caused by intervening negligence of driver who ignored conspicuous warnings).

In a case of this kind, like the district court we conclude the Supreme Court of Nebraska would take a fact-specific approach to the question whether a second highway crash was proximately caused by the intervening negligence of a third party that could not have been reasonably anticipated by the defendants who caused the first crash. As the Court said in a different factual context in A.W., 784 N.W.2d at 917:

> The extent of foreseeable risk depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may make a dramatic change in how much risk is foreseeable. Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter.

Applying a fact specific analysis, the district court concluded that Slezak's negligence was an unforeseeable efficient intervening cause as a matter of law:

> As in *Latzel*, Defendants may have generally anticipated that traffic would become impeded or stopped due to a traffic accident occurring on the roadway. However, Defendants were not bound to anticipate that a fatigued trucker, driving well-over the hours of service limit, would fail to stop behind a line of traffic at a point nearly a mile away from the initial collision and at least thirty-six minutes after the initial accident, and slam into the back of the Schmidts' vehicle at seventy-five miles-per-hour without even attempting to apply the brakes.

We agree. In the time between the first and second crashes, numerous vehicles, including at least a dozen semi-tractor-trailers, stopped safely, forming a line of traffic nearly a mile long. Many -- including the Schmidts and the trucker in front of them -- turned on their hazard lights, and emergency vehicles present and en route to the scene activated their lights and sirens. The result was a patently obvious hazard that, as plaintiffs admit, would have been visible to approaching traffic for at least a mile on this clear night. Under Nebraska law as defined in Latzel and earlier cases,

Slezak's negligence was an efficient intervening cause that severed the causal connection between defendants' alleged negligence and plaintiffs' injuries. No reasonable jury could conclude otherwise.

Our decision in Heatherly, on which plaintiffs rely, is not to the contrary. In that case, a speeding truck driver pushed plaintiffs' vehicle into defendant's truck, which was unsafely parked on the shoulder of an exit ramp. 421 F.3d at 640-41. We reversed the district court's grant of judgment as a matter of law that defendant was not the proximate cause of plaintiffs' injuries. Heatherly involved a *direct* collision between defendant's negligently parked truck and plaintiffs' vehicle. A driver who negligently creates a highway obstruction "must reasonably foresee the probability of some injury from his negligent acts, not only from careful drivers of other vehicles but also from negligent ones, *so long as the act of the other driver is not so 'extraordinary' as to be not reasonably foreseeable.*" Morrow v. Greyhound Lines, Inc., 541 F.2d 713, 719 (8th Cir. 1976) (applying the similar intervening cause standard under Missouri law) (emphasis added). The extraordinarily unforeseeable nature of Slezak's intervening negligence distinguishes this case from Heatherly.

The judgment of the district court is affirmed.

BYE, Circuit Judge, dissenting.

I believe the district court improperly granted summary judgment because a reasonable juror could find Slezak's negligence was foreseeable by Zhukov and Johnson. Therefore, I respectfully dissent.

In secondary-accident cases, the issue is typically whether the negligent act that caused the second accident was so extraordinary it was not foreseeable to the first negligent driver. See Blood v. VH-1 Music First, 668 F.3d 543, 548 (7th Cir. 2012) (finding the second driver's negligence was "extraordinary" when he crashed into

-9-

stopped traffic at nearly fifty-five miles-per-hour in clear weather conditions on a flat portion of the interstate). If the secondary driver's negligence is so "extraordinary" that it was not foreseeable, the secondary accident is an "efficient intervening cause," which severs the causal connection between the original negligent conduct and the injury. Id.; Heatherly v. Alexander, 421 F.3d 638, 641–42 (8th Cir. 2005).

While there is no Nebraska case on point, a number of other jurisdictions have found a triable issue of fact under circumstances similar to this case. In Smith v. Commercial Transportation, Inc., a tractor overturned at 4:30 a.m., blocking all three lanes of traffic and creating a two-mile backup. 470 S.E.2d 446, 447–48 (Ga. Ct. App. 1996). The backup still had not been cleared almost six hours later, when a car approached with its cruise control set at sixty-five miles-per-hour and collided with the rear of another tractor trailer in front of it. Id. The Georgia Court of Appeals noted the six-hour and two-mile gap between the initial accident and the secondary accident were "certainly factors to be considered in the foreseeability analysis," but it rejected the defendants' argument that these factors were decisive as a matter of law and reversed the district court's grant of summary judgment for the defendants who caused the original crash. Id. at 448–49 ("A jury could conclude that when one negligently turns over a tractor-trailer full of produce, it is reasonably foreseeable that the time required to clear it and the resulting traffic back-up will be immense."); cf., e.g., Cooke v. Nationwide Mut. Fire Ins. Co., 14 So.3d 1192, 1197 (Fla. Dist. Ct. App. 2009) (finding a fact question of proximate cause in secondary crash where decedent, approximately a mile away from the original crash, crested a hill at highway speeds and crashed into a truck that was traveling twenty to thirty miles per hour due to a traffic jam the original crash caused). These secondary-accident cases show the foreseeability inquiry can turn on a number of case-specific factors – such as the time of day, driving conditions, and time and distance from the original crash – which is why the Nebraska Supreme Court instructs courts to leave the case-specific foreseeability determination to the finder of fact "unless no reasonable person could differ on the matter." A.W. v. Lancaster Cty. Sch. Dist. 0001, 784 N.W.2d 907, 917

(Neb. 2010); see also Dee v. Johnson, 286 P.3d 22, 24 (Utah Ct. App. 2012) (collecting cases); Longoria v. Graham, 44 S.W.3d 671, 675 (Tex. App. 2001) (collecting cases).

I do not believe this is the type of case which compels only one reasonable conclusion on foreseeability. The traffic jam Zhukov and Johnson caused was unremarkable – traffic backed up for less than a mile, and only forty minutes had passed by the time Slezak crashed into the Schmidts. The accident occurred in the early hours of the morning, when a reasonable person could expect highways to be saturated with truck drivers, some inattentive from lack of sleep. Under these circumstances, and in this unsettled area of Nebraska law, I would decline to hold as a matter of law that Slezak's negligence was so extraordinary that it was an "efficient intervening cause" which severed the causal connection between Zhukov's and Johnson's negligent conduct and the death of the Schmidts.

In certain cases, the secondary accident may be so far removed from the original accident that no reasonable juror could find the secondary negligence foreseeable. I agree with the Seventh Circuit, and the majority, that Blood is such a case. But in Blood, the secondary accident was separated from the original crash by four hours and five miles, whereas the accident that killed the Schmidts in this case was substantially closer to the original crash, both in time (40 minutes) and in location (less than one mile). 668 F.3d at 548–49. While Blood may have presented a set of facts "nowhere near [the proximate cause] line," the same cannot be said about this case.

In this case, where to draw the line on proximate cause is an issue for the finder of fact. Therefore, I would reverse and remand.

_____

-11-