# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3315

_____

Kelly Simler; Scott Simler

*Plaintiffs - Appellants*

Linda J. Gartner

*Plaintiff*

v.

Dubuque Paint Equipment Services, Inc.; Kim A. Ross; Roy G. Brice

*Defendants - Appellees*

LM General Insurance Company; KLLM Transportation Services, Inc.

*Defendant*s

FFE Transportation Services, Inc.

*Defendant - Appellee*

Missouri Highway and Transportation Commission

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal

_____

Submitted: September 26, 2019
Filed: November 6, 2019
_____

Before KELLY, MELLOY, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

This case presents a classic proximate-cause problem. Is a driver who causes an accident on a highway liable for a second one occurring in the traffic backup that follows? Applying Missouri law, we conclude that the answer is no based on the time and distance separating the two accidents, so we affirm the district court's[1] grant of summary judgment to the driver.

The driver in question is Roy Brice, who crashed his employer's truck into the rear of another vehicle. The accident caused a severe backup of traffic half-a-mile long across a stretch of Interstate 70 in Montgomery County, Missouri. Between eight and sixteen minutes after the accident, Kelly Simler noticed the stoppage ahead and brought her car to a stop at the back of the line. Kim Ross, who was exceeding the speed limit at the time, did not and struck the rear of Simler's vehicle with his cargo van. Simler, who suffered permanent injuries from the impact, seeks to hold Brice (and his employer) responsible for setting this chain of events in motion.

The legal question is whether proximate cause stretches this far. Or is Ross's negligence a superseding cause that "interrupt[ed] the chain of events" set in motion by the first accident? *Metzger v. Schermesser*, 687 S.W.2d 671, 673 (Mo. Ct. App. 1985) (citation omitted). The answer under Missouri law depends on whether Ross's careless driving was a "foreseeable consequence of [Brice's] original act of

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

-2-

negligence." *E.g.*, *Robinson v. Mo. State Highway & Transp. Comm'n*, 24 S.W.3d 67, 80 (Mo. Ct. App. 2000) (per curiam) (citation omitted); Restatement (Second) of Torts § 442A (Am. Law Inst. 1965). If it was, then Brice can be held liable under a theory of "concurrent or successive" negligence. *Robinson*, 24 S.W.3d at 80 (citation omitted). If not, then Ross's negligence "sever[ed] the connection between [Brice's] conduct and [Simler's] injury as a matter of law." *Id.* (citation omitted).

Ross's negligent act fell into the latter category. Brice "ha[d] the right to some extent to assume that other motorists" would adjust to road conditions and "exercise proper care." *Branstetter v. Gerdeman*, 274 S.W.2d 240, 246 (Mo. 1955). For example, when a utility company blocked one lane of a two-lane road, forcing drivers to use a lane usually reserved for oncoming traffic, it was not foreseeable that a driver would continue to use the wrong lane after passing the obstruction. *Buck v. Union Elec. Co.*, 887 S.W.2d 430, 435 (Mo. Ct. App. 1994). When a driver caused an accident by failing to switch into the correct lane, the court concluded that this independently negligent act was a superseding cause that relieved the utility company of liability for damages. *Id.* at 435–36.

The analysis is different, however, if the initial act increases the likelihood that others will act negligently. In *Boggs ex rel. Boggs v. Lay*, for instance, a food-processing plant required its trucks to line up along a residential street. 164 S.W.3d 4, 11–12 (Mo. Ct. App. 2005). When the lined-up trucks prevented a boy on a bike from seeing "up and down the street" from his driveway, he pedaled out before noticing that another truck was approaching from the wrong side of the road. The truck crashed into his bike, causing him to suffer serious and permanent injuries. *Id.* at 13, 19. The court held that the plant's policy was the proximate cause of the accident, even if the truck driver was negligent too, because it had "set in motion the chain of circumstances leading to" the boy's injuries. *Id.* at 19. Both the need for the truck to drive on the wrong side of the road and the boy's obstructed view were the "foreseeable and natural" consequences of requiring trucks to line up closely together along a residential street. *Id.*

From a proximate-cause perspective, this case is more like *Buck* than *Boggs*. The backup along the interstate did not lead Ross to drive too fast or limit his ability to see the traffic ahead. *See Boggs*, 164 S.W.3d at 19. Nor was it foreseeable that another accident would occur under these circumstances—eight-or-more minutes later in a spot nearly half a mile back—when every driver before Ross had managed to stop. *See Baumann v. Zhukov*, 802 F.3d 950, 952 (8th Cir. 2015) (reaching the same conclusion under Nebraska law when the crashes occurred forty minutes apart and the backup was nearly one-mile long); *see also Buck*, 887 S.W.2d at 434 ("It is not negligence to fail to anticipate that another will be negligent . . . ."). On these facts, the causal chain stops with Ross, not Brice.

We accordingly affirm the judgment of the district court.

_____