# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3684

_____

Russell D. Knowles, individually and as attorney in fact and
personal representative of the estate of Bernard A. Knowles,
on behalf of themselves and all others similarly situated;

*Plaintiffs - Appellants*

v.

TD Ameritrade Holding Corporation; TD Ameritrade; TD Ameritrade
Clearing, Inc.; TD Ameritrade Investment Management, L.L.C.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 19, 2020
Filed: June 24, 2021

_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.[1]

_____

GRASZ, Circuit Judge.

---

[1]Judge Duane Benton recused himself from further participation in this case following oral argument and did not participate in the decision. Pursuant to 8th Cir. R. 47E, the two remaining judges on the panel have decided the case.

Russell Knowles appeals the district court's[2] order dismissing with prejudice his second amended complaint against TD Ameritrade, Inc. and related entities (collectively, "TD Ameritrade"). We affirm.

## I. Background

Knowles held a joint taxable brokerage account with TD Ameritrade. The relationship between Knowles and TD Ameritrade was governed by various agreements, including a "TD Ameritrade Investment Management, LLC Service Agreement" (the "Agreement").

TD Ameritrade offered its customers an optional tax-loss harvesting feature for the investment accounts. Tax-loss harvesting is a strategy designed to lower taxes on stock-trading profits by selling securities at a loss to offset potential capital gains. Certain TD Ameritrade customers had the ability to opt-in to the computerized tax-loss harvesting tool (the "TLH Tool").

The TLH Tool operates by reviewing a customer's account daily to determine if the securities in the customer's account have unrealized losses exceeding a five-percent threshold. If the threshold is met, the TLH Tool automatically sells the securities at a loss. In most cases, the TLH Tool quickly replaces the sold securities by reinvesting in new securities. Knowles alleges the first two times the TLH Tool sold his securities, it promptly replaced the securities by reinvesting in new ones.

On December 24, 2018, certain securities in Knowles's trading account met the five-percent threshold, and the TLH Tool was triggered. But, after selling off a sizable portion of Knowles's securities, the TLH Tool failed to reinvest Knowles's funds in new securities. Knowles alleges the TLH Tool's failure to reinvest left approximately 35% of his account value idle and uninvested for eighteen days.

[2]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

Knowles alleges this failure to reinvest caused him damages exceeding $16,000 during the eighteen-day delay.

Upon investigation, Knowles learned the TLH Tool's failure to reinvest was the result of a systemic glitch that impacted many other customers. The TLH Tool failed to reinvest Knowles's funds in an effort to avoid violating the "Wash Sale Rule," an IRS regulation which prohibits an investor from claiming a tax loss if the investor repurchases the same security either thirty days before or after selling the same security for a loss. 26 U.S.C. § 1091. Knowles alleges TD Ameritrade negligently set up the TLH Tool to toggle sales between only two groups of securities; so, if both groups of securities experienced a five-percent loss within thirty days, the TLH Tool did not have another pool of securities from which to purchase after selling both sets of devalued securities at losses.

Knowles filed this class-action lawsuit against TD Ameritrade, alleging claims for breach of contract and negligence. He alleges TD Ameritrade failed to (1) reasonably prepare for the TLH Tool to trigger the Wash Sale Rule, and (2) create and administer the TLH Tool in a way that would most benefit TD Ameritrade's customers. TD Ameritrade filed a motion to dismiss Knowles's Second Amended Complaint (the "SAC"), and the district court granted the motion, dismissing the case with prejudice. The district court reasoned that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") preempted Knowles's putative state-law class action claim. The district court further found that even if SLUSA did not apply, Knowles failed to state a plausible claim for breach of contract or negligence. Knowles appeals.

## II. Discussion

We review de novo a district court's grant of a motion to dismiss. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). We "accept[] as true all factual allegations in the light most favorable to the nonmoving party[,]" but "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Id.*

-3-

## A. Preemption

"SLUSA expressly preempts all state law class actions based upon alleged untrue statements or omissions of a material fact, or use of a manipulative or deceptive device or contrivance, in connection with the purchase or sale of a covered security." *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879 (8th Cir. 2002). "Primarily, SLUSA mandates that any class action based on an allegation that a 'covered security' was sold or purchased through misrepresentation, manipulation, or deception shall be removable to federal court." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002) (cleaned up) (quoting *In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Prac. Litig.*, 105 F. Supp. 2d 1037, 1039 (D. Minn. 2000)). To establish SLUSA preemption, a party must show:

> (1) the action is a "covered class action" under SLUSA, (2) the action purports to be based on state law, (3) the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance), and (4) the defendant is alleged to have engaged in conduct described by criterion (3) "in connection with" the purchase or sale of a "covered security."

*Id.* at 596 (quoting 15 U.S.C. § 78bb(f)(1)(A)-(B)); *accord Sofonia v. Principal Life Ins. Co.*, 465 F.3d 873, 876 (8th Cir. 2006).

There is no dispute that Knowles's allegations: (1) assert a covered class action under SLUSA, (2) are based in state law, and (3) involve conduct in connection with the purchase and sale of a covered security.[3] The fight is over the third prong of SLUSA's preemptive test—whether Knowles has alleged a

---

[3]Knowles's brief does not separately address the applicability of SLUSA preemption to his class action negligence claim. TD Ameritrade argues Knowles's negligence claim is similarly preempted by SLUSA because the core of the negligence claim is rooted in TD Ameritrade's alleged misrepresentations and omissions. Therefore, we decide Knowles's breach of contract claim and his negligence claim identically under the SLUSA preemption analysis.

misrepresentation or omission by TD Ameritrade or a manipulative or deceptive device employed by TD Ameritrade.

"To determine whether a plaintiff has alleged a misrepresentation or omission of a material fact, we 'look at the substance of the allegations, based on a fair reading' of the complaint." *Zola v. TD Ameritrade, Inc.*, 889 F.3d 920, 924 (8th Cir. 2018) (quoting *Kutten v. Bank of Am., N.A.*, 530 F.3d 669, 670 (8th Cir. 2008)). We must dig below the surface of the complaint to review "the conduct alleged, not the words used to describe the conduct." *Id.* "SLUSA applies if the gravamen of a state law claim 'involves an untrue statement or substantive omission of a material fact in connection with the purchase or sale of a covered security.'" *Id.* (quoting *Lewis v. Scottrade, Inc.*, 879 F.3d 850, 854 (8th Cir. 2018)).

Knowles argues the district court erred in holding that his claims are preempted by SLUSA because his claims are not rooted in misrepresentation, but in TD Ameritrade's failure to operate the TLH Tool in the manner promised under the Agreement. We disagree.

"SLUSA does not preclude 'genuine contract action[s].'" *Zola*, 889 F.3d at 924 (alteration in original) (quoting *Kurz v. Fidelity Mgmt. & Rsch. Co.*, 556 F.3d 639, 641 (7th Cir. 2009)). For example, courts have held SLUSA preemption does not apply to breach of contract claims when a plaintiff is disputing the meaning of a key term in a contract involving the purchase or sale of securities. *See, e.g., Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1115–16 (9th Cir. 2013). But, in other cases, a party's failure to keep its promises about the handling of securities can violate federal securities law. *Kurz*, 556 F.3d at 642. To avoid SLUSA preemption, the allegations must be rooted in interpretation of contract terms and not allegations of misrepresentations or omissions. *Freeman*, 704 F.3d at 1115.

After reviewing the SAC, we agree with the district court's assessment that "nondisclosure is the linchpin of the investors' case." The crux of all of Knowles's claims is that TD Ameritrade failed to disclose: (1) how the TLH Tool would operate in the event it triggered the Wash Sale Rule, and (2) the side effects of the TLH

Tool's operation when "market conditions soured." Knowles has failed to demonstrate how his claims are connected to the Agreement. While Knowles generally cites to a provision in the Agreement that describes the operation of the TLH Tool, the cited provision does not establish any deadlines for how quickly TD Ameritrade was required to reinvest a client's funds or how the TLH Tool would operate in the event it triggered the Wash Sale Rule.

We therefore hold that SLUSA preempts Knowles's class action claims because Knowles failed to demonstrate these claims are rooted in a violation of any specific contract provision. While, on its face, the operative complaint focuses on TD Ameritrade's alleged improper administration of the TLH Tool, the allegations are insufficient to demonstrate TD Ameritrade breached any contract terms. Therefore, Knowles's class action claims are rooted in TD Ameritrade's omissions in disclosing information about the operation of the TLH Tool, which triggers SLUSA preemption. The district court did not err in dismissing Knowles's class action claims with prejudice on the basis of SLUSA preemption.

## B. Dismissal of Individual Breach of Contract and Negligence Claims

Next, we address whether the district court erroneously dismissed Knowles's individual claims for relief under Federal Rule of Civil Procedure 12(b)(6).

Rule 8 requires a complaint to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Fed. R. Civ. P. 8). To meet Rule 8's standard and survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility[,]'" and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Knowles argues the district court erred in dismissing his breach of contract claim because the district court: (1) required Knowles to "clearly establish" his claim rather than plausibly allege it, and (2) incorrectly interpreted certain Agreement provisions as a disclaimer from responsibility for the performance of the TLH Tool. We conclude that these arguments lack merit.

The Agreement provision at issue states TD Ameritrade "does not represent or guarantee that the objectives of the TLH [Tool] will be met. The performance of the replacement security may be better or worse than the performance of the security that is sold for TLH [Tool] purposes."

Under Nebraska law, the elements of a claim for breach of contract are: "(1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach." *United States v. Basin Elec. Power. Coop.*, 248 F.3d 781, 810 (8th Cir. 2001); *accord Phipps v. Skyview Farms, Inc.*, 610 N.W.2d 723, 730 (Neb. 2000) ("In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty."). The district court dismissed Knowles's claims, holding that Knowles failed to allege TD Ameritrade breached any contract terms or promises in the administration of the TLH Tool.

Despite referencing several contract excerpts throughout the SAC, Knowles never explicitly identified the contractual provision purportedly violated by TD Ameritrade. Accordingly, the allegations failed to provide TD Ameritrade with reasonable notice of the breach of contract claim as required by Rule 8. While Knowles generally alleged various duties owed by TD Ameritrade "to perform the contract with care, skill, reasonable expediency, and faithfulness[,]" these vague and conclusory allegations were insufficient to survive a motion to dismiss under Rule 12(b)(6).

We next consider the dismissal of Knowles's negligence claims. Under Nebraska law, "a plaintiff must show a legal duty owed by the defendant to the

-7-

plaintiff, a breach of such duty, causation, and damages." *Baumann v. Zhukov*, 802 F.3d 950, 953 (8th Cir. 2015) (quoting *A.W. v. Lancaster Cnty. Sch. Dist. 0001*, 784 N.W.2d 907, 913 (Neb. 2010)). Pursuant to the economic loss rule, "Nebraska law bar[s] recovery in tort for economic loss resulting from conduct amounting to a breach of contract." *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 692 (8th Cir. 2001) (alteration in original).

We conclude that the duty Knowles alleges in his negligence claim arose out of the contract between the parties and thus activated the economic loss rule, which precludes a negligence cause of action. Knowles argues his mention of the implied duty of good faith and fair dealing under his breach of contract claim saves his tort claim from application of the economic loss rule. But the allegations in the negligence claim clearly focus on TD Ameritrade's perceived duties to properly create, establish, and manage the TLH Tool. These duties are not grounded in tort law. Knowles has failed to set forth any persuasive argument as to how TD Ameritrade owed these purported duties independent of a contractual agreement. We therefore affirm the district court's dismissal of Knowles's negligence claim.

## C. Futility

Last, we consider Knowles's alternative argument that if dismissal was proper, the district court should have given him leave to amend instead of dismissing the case with prejudice. We review the district court's dismissal of the SAC with prejudice for abuse of discretion. *See Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009). It is well settled that a district court may dismiss a complaint with prejudice under Rule 12(b)(6) when amendment of a complaint would be futile. *Id*. The district court allowed Knowles to amend his complaint multiple times, and Knowles was still unable to plead adequate claims. Accordingly, we conclude the district court did not abuse its discretion in dismissing the SAC with prejudice.

The judgment of the district court is affirmed.

_____