# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2505

_____

Kathrynn Pals, as personal representative of the Estate of Jamison B. Pals and personal representative of the Estate of Ezra A. Pals; Gordon Engel, as personal representative of the Estate of Kathryne L. Pals, personal representative of the Estate of Violet J. Pals, and personal representative of the Estate of Calvin B. Pals

*Plaintiffs - Appellants*

v.

Tony Weekly, Jr.; Bohren Logistics, Inc.; Interstate Highway Construction, Inc.; D.P. Sawyer, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 16, 2021
Filed: September 13, 2021

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Five members of the Pals family died in a car accident in a construction zone on Interstate 80 after Tony Weekly, Jr., drove his semi-truck into the back of the Pals'

vehicle. Kathrynn Pals and Gordon Engel are Personal Representatives for the deceased Pals family members. They commenced a wrongful death and negligence action against Weekly, his employer, Bohren Logistics, Inc.[1] ("Bohren"), and two contractors involved in the highway construction project, Interstate Highway Construction, Inc. ("IHC") and D.P. Sawyer, Inc. ("Sawyer"). IHC and Sawyer successfully moved for summary judgment. Plaintiffs appeal the district court's[2] judgment. We affirm.

## I.    BACKGROUND

IHC contracted with the Nebraska Department of Roads (the "Department") to re-pave a section of Interstate 80. The Department designed the project's traffic control plan, closing the westbound lanes and diverting traffic across the median into the eastbound lanes. The plan created a "two-way, two-lane" configuration in what were ordinarily two eastbound lanes. IHC subcontracted with Sawyer to implement the Department's traffic control plan. Under the subcontract Sawyer installed temporary traffic signs, barriers, cones, and other devices used to route traffic through the construction zone and provided 24-hour surveillance of traffic control devices.

On July 31, 2016, at around 11:30 a.m., a vehicle with five members of the Pals family was traveling west on Interstate 80 within the head-to-head section of the construction zone. The vehicles in front of the Pals had slowed or come to a stop, and the Pals' vehicle did the same. The record reflects that traffic backed up a half mile to the point of collision.

---

[1]Weekly and Bohren have settled Plaintiffs' claims against them and take no position on this appeal.

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

Weekly was driving a semi-truck directly behind the Pals. Immediately prior to the accident, Weekly was driving approximately 62 mph on cruise control and talking to his wife on his cellphone, while drinking a soda. Weekly, who suffers from after-effects of a previous hand injury, took his eyes off the road to put his soda into a cupholder. While so engaged, Weekly failed to see the Pals' vehicle slow to a stop in time and struck the vehicle from behind. The Pals' vehicle caught fire, and all five of the family members inside the vehicle died.

Plaintiffs' expert estimated Weekly collided with the Pals' vehicle at a speed of at least 59 mph, which shows Weekly failed to brake until immediately before impact. Photographs of the scene show Weekly's tires were all within the driving lane at the point of impact, indicating Weekly failed to take evasive action such as turning into the open shoulder area to his right. While other drivers were also exposed to the slow-down or stop, Weekly was the only driver who was unable to stop his vehicle in a safe manner. Weekly was criminally charged and convicted for his role in the accident.

In their claim against IHC and Sawyer the Personal Representatives contend the two contractors had a contractual obligation to report to the Department that weekend stoppages and backups were occurring, and failed to make those reports. They further allege that if the reports had been properly made, the Department would have erected more prominent signage (or amended the traffic control plan to allow IHC or Sawyer to put up more signs), which would have warned drivers of the stoppages. They assert that with this additional signage the accident would not have occurred.

IHC and Sawyer moved for summary judgment. The district court granted their motion, finding that even if IHC and Sawyer owed a duty to the Pals, and even if they breached that duty (questions the district court did not decide), the negligence claim against the two contractors would necessarily fail because Weekly's negligence in

-3-

causing the accident was an efficient intervening cause under Nebraska law. The district court further held that, although a series of discovery disputes had resulted in sanctions against IHC, one of which remained unresolved, IHC's alleged misconduct did not preclude a grant of summary judgment to IHC and Sawyer because there was no inference the court could draw from the missing evidence or other appropriate sanction that would negate the finding of an efficient intervening cause. Plaintiffs appeal.

## II.   DISCUSSION

We review the district court's grant of summary judgment *de novo* and we view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. Heinz v. Carrington Mortg. Servs., LLC, ___ F.4th ___, 2021 WL 2878322, at *3 (8th Cir. July 9, 2021). Summary judgment is appropriate where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party as a matter of law. See Fed. R. Civ. P. 56(a).

Because we apply the law of the forum state in diversity actions, we apply Nebraska law. Heatherly v. Alexander, 421 F.3d 638, 641 (8th Cir. 2005). In order to succeed on a negligence claim in Nebraska, the plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of that duty, proximate causation, and damages. Wilke v. Woodhouse Ford Inc., 774 N.W.2d 370, 379 (Neb. 2009). To establish proximate cause, the plaintiff must show that "(1) [w]ithout the negligent action, the injury would not have occurred, commonly known as the 'but for' rule; (2) the injury was a natural and probable result of the negligence; and (3) there was no efficient intervening cause." Id. at 382.

"An efficient intervening cause is new and independent conduct of a third person, which itself is a proximate cause of the injury in question and breaks the causal connection between the original conduct and the injury. The causal connection

-4-

is severed when (1) the negligent actions of a third party intervene, (2) the third party had full control of the situation, (3) the third party's negligence could not have been anticipated by the defendant, and (4) the third party's negligence directly resulted in injury to the plaintiff." Latzel v. Bartek, 846 N.W.2d 153, 164 (Neb. 2014) (citations omitted).

Here, only the third element is in dispute: whether Weekly's negligence could have been anticipated by the defendants. In clarifying the third element, the Nebraska Supreme Court has explained that an act is intervening and cuts off the tortfeasor's liability "only when the intervening cause is not foreseeable" and if the negligence "is reasonably foreseeable, then the third party's negligence is not an efficient intervening cause as a matter of law." Id. (quoting Wilke, 774 N.W.2d at 383). While "[f]oreseeability is ordinarily a question for the trier of fact," "where reasonable minds could not differ, foreseeability determinations can properly be made as a matter of law." Baumann v. Zhukov, 802 F.3d 950, 954 (8th Cir. 2015) (internal quotations omitted).

Plaintiffs contend a jury could reasonably find Weekly's negligence was foreseeable and the district court erred when it concluded that Weekly's negligence constituted an efficient intervening cause as a matter of law. Because Nebraska takes a particularly narrow view of foreseeability when the original negligence involves the creation of a hazardous road condition and the potentially efficient intervening cause is a negligent driver who ignores the hazard and causes an accident, we disagree.

In Malolepszy v. State, 729 N.W.2d 669 (Neb. 2007), a driver negligently pulled in front of another driver from the shoulder in a construction area, causing an accident. The non-negligent driver and his wife sued the State, arguing, in part, that the signage in the construction zone was inadequate. Id. at 672. In affirming summary judgment in favor of the State, the Nebraska Supreme Court held that "[w]hether the signage placed by the State in the construction zone was adequate is

a disputed fact that is of no importance. . . . The State was not bound to anticipate that a vehicle stopped along the shoulder of the road would suddenly pull out in front of oncoming traffic. . . . [The negligent driver's] negligent behavior was unforeseeable to the State and constituted an efficient intervening cause of the collision." Id. at 677.

The Nebraska Supreme Court reached a similar conclusion in Latzel, 846 N.W.2d 153 (Neb. 2014). There, landowners planted corn up to the ditches that ran alongside a road. Id. at 157. When two drivers negligently drove through an intersection and, unable to see each other because of the corn, collided, the Nebraska Supreme Court determined the drivers' negligence constituted an efficient intervening cause of the collision because landowners were not bound to anticipate drivers would disregard the obvious danger of traversing a visually obstructed unmarked intersection. Id. at 167.

In yet another example, the Nebraska Supreme Court affirmed the trial court's judgment in favor of a county that had failed to replace a downed stop sign. Zeller v. County of Howard, 419 N.W.2d 654 (Neb. 1988). The court explained that, even if the county had a duty to replace the stop sign (and breached its duty), the driver's negligence was unforeseeable to the county and his conduct therefore constituted an efficient intervening cause. Id. at 659. The court observed the county "was not bound to anticipate, and could not have contemplated, that [the driver] would totally and unreasonably disregard the obvious danger inherent in vehicular travel into a visually obstructed intersection of public roads and fail to take appropriate measures to avoid the collision." Id.

These cases establish that, under Nebraska law, the creators of roadway hazards are not expected to foresee any extraordinarily negligent driving. Weekly's negligence was extraordinary. IHC and Sawyer could not be reasonably expected to anticipate that a truck driver would drive through a construction zone on cruise control, with his eyes off the road for multiple seconds, all while talking to his wife

on the phone, such that he almost completely failed to see a stoppage that extended for at least half a mile when every other driver saw the congestion in time to stop safely. Weekly's extraordinary negligence constituted an efficient intervening cause. Because reasonable minds cannot differ on this point, summary judgment in favor of IHC and Sawyer was appropriate.

Plaintiffs also contend the district court abused its discretion in denying their motion to stay pending the filing and resolution of their fourth sanctions motion. The course of discovery in this case was controverted. On a third motion for sanctions, the court authorized Plaintiffs to conduct a forensic examination on IHC's servers and electronic data but before the examinations could be conducted, IHC sold the laptops of five employees. Although the magistrate judge granted Plaintiffs leave to bring a fourth motion for sanctions related to the sold laptops, the district court determined that the discovery issue was immaterial to its decision to grant summary judgment. The district court observed that its decision turned on the facts related to Weekly's negligence, so any adverse inference that it could draw related to the contents of the laptops would be irrelevant.

We agree that the determinative facts on summary judgment relate to Weekly's negligent conduct. The question here is an objective one: was Weekly's negligence reasonably foreseeable? The district court concluded that it "cannot infer that any evidence on the laptops could alter" its intervening cause conclusion. Plaintiffs do not refer us to specific evidence that would refute the district court's finding. The district court did not abuse its discretion in denying Plaintiffs' motion to stay. See Cottrell v. Duke, 737 F.3d 1238, 1248 (8th Cir. 2013) (standard of review).

## III. CONCLUSION

We affirm the judgment of the district court.

_____