# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-1873

_____

Extra Hands, Inc.; Kathy Smith

*Plaintiffs - Appellants*

v.

Missouri Department of Mental Health; Angie Alford

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 8, 2021
Filed: December 13, 2021
[Unpublished]

_____

Before BENTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Extra Hands, Inc. and its owner Kathy Smith appeal the district court's[1] adverse grant of summary judgment in their 42 U.S.C. § 1983 action. Upon careful de novo

_____

[1]The Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

review, we affirm.  See Pals v. Weekly, 12 F.4th 878, 881 (8th Cir. 2021) (standard of review).  We agree with the district court that appellants had no protected property interest in the contract, as it was terminable at will, see Omni Behav. Health v. Miller, 285 F.3d 646, 652-53 (8th Cir. 2002) (contract with state entity gives rise to protected property interest when contract confers protected status or permanence, or provides that state can terminate contract only for cause; as plaintiff's contract with state agency was terminable at will, it had no protected property interest therein); and that their disqualification from forming future contracts with the appellee agency did not implicate their liberty interest, as it was not based on public charges of fraud or dishonesty, see Jones v. McNeese, 746 F.3d 887, 899-900 (8th Cir. 2014) (while defendant's failure to reinstate plaintiff on contractor list harmed his ability to pursue his profession, defendant's internal emails alleging that plaintiff may have engaged in unethical conduct did not create level of stigma required to implicate liberty interest).  We decline to address appellants' new arguments on appeal.  See Oglesby v. Lesan, 929 F.3d 526, 534 (8th Cir. 2019).

The judgment is affirmed.  See 8th Cir. R. 47B.

_____